**EXHIBIT 1**

# COMMONWEALTH OF VIRGINIA



### NORFOLK CIRCUIT COURT
Civil Division
150 ST. PAUL'S BLVD 7TH FLOOR
NORFOLK  VA  23510
(757) 769-8539

Summons

To: VISTA OUTDOOR, INC
THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE ST
WILMINGTON DE 19801

Case No. 710CL20000195-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, January 07, 2020

Clerk of Court: GEORGE E. SCHAEFER III

by _____
(CLERK/DEPUTY CLERK )

Instructions:


Hearing Official:



Attorney's name:  OHANA, JASON E
757-628-5500

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

TOWNSEND COMMANDER PARKWAY, LLC,
a Delaware limited liability company,

        Plaintiff,

v.

ALLIANT TECHSYSTEMS, INC., a Delaware
corporation,

SERVE:    The Corporation Trust Company
           Corporation Trust Center
           1209 Orange Street
           Wilmington, DE 19801

NORTHROP GRUMMAN INNOVATION
SYSTEMS, INC., a Delaware corporation,

SERVE:    The Corporation Trust Company
           Corporation Trust Center
           1209 Orange Street
           Wilmington, DE 19801

and

VISTA OUTDOOR, INC., a Delaware corporation,

SERVE:    The Corporation Trust Company
           Corporation Trust Center
           1209 Orange Street
           Wilmington, DE 19801

        Defendants.

Case No. _CL 20-195_

## COMPLAINT

    NOW COMES the Plaintiff, Townsend Commander Parkway, LLC, a Delaware Limited

Liability Company ("Townsend" or the "Landlord"), by counsel, and pursuant to the Rules of the

Supreme Court of Virginia states as its Complaint against the Defendants, Alliant Techsystems,

Inc., a Delaware corporation ("Alliant"), Northrop Grumman Innovation Systems, Inc., a

I-1648241.2

Delaware Corporation ("Northrop"), and Vista Outdoor, Inc., a Delaware Corporation ("Vista") (Alliant, Northrop, and Vista are sometimes collectively referred to herein as the "Defendants" or as the "Tenant"), as follows:

### Nature of Action

This is an action by a landlord against a tenant to recover for damage done to the leased premises. Contrary to the terms of the lease, the tenant returned the premises to the landlord in a badly damaged and completely unmarketable condition. In this action, the landlord seeks to be made whole for the expenses it has incurred and will incur in restoring the premises back to the condition required under the lease.

### Parties

1.      Townsend is a Delaware LLC with its principal place of business in Maryland. Townsend acquired its rights in the lease at issue in this action (the "Lease") via an assignment, dated May 29, 2012, from an entity known as Noell Real-Estate Holdings, LLC, which had formerly been known as Blackhawk Real-Estate Holdings, LLC.

2.      Alliant is a Delaware Corporation with its principal place of business in Dulles, Virginia. Alliant acquired its rights and responsibilities as the tenant under the Lease pursuant to a Lease Amendment and Assumption Agreement dated August 1, 2011.

3.      Northrop is a Delaware Corporation with its principal place of business in Dulles, Virginia. Upon information and belief, through either merger, acquisition, or name change, Northrop is a successor to Alliant and has (or may have) become liable under the Lease.

4.      Vista is a Delaware Corporation with its principal place of business in Minnesota. Upon information and belief, through either merger, acquisition, or name change, Vista is a successor to Alliant and has (or may have) become liable under the Lease.

2

I-1648241.2

**Jurisdiction and Venue**

5.      Jurisdiction in the Commonwealth of Virginia is proper because this action arises

out of the Defendants' use, possession, and/or interest in real property in this Commonwealth

and from their transacting business in this Commonwealth.

6.      Venue is appropriate in this Court because the real property at issue is situated in

the City of Norfolk and the cause of action arose in Norfolk.

**Factual Background**

7.      On March 1, 2006, the Lease, which is for premises commonly known as 6160

Commander Parkway, Norfolk, Virginia (the "Premises"), was entered between the then-

landlord, Blackhawk Real-Estate Holdings, LLC (now known as Noell Real-Estate Holdings,

LLC) and the then-tenant, Blackhawk Industries Product Group Unlimited LLC ("Blackhawk").

8.      The Lease was subsequently amended on August 1, 2011 and amended again on

January 16, 2012.  A true and accurate copy of the Lease, including all amendments, is attached

hereto as **Exhibit A.**

9.      As set out in Paragraph 1 above, as a result of an assignment dated May 29, 2012,

Townsend acquired the rights of the landlord under the Lease and brings this action in that

capacity.

10.      The Lease, as currently amended, names Alliant as the tenant.  Townsend's

investigation into this claim has revealed that Alliant may have changed its name to (or been

acquired by) Northrop and/or Vista.  Because Townsend is in doubt on this point, it seeks relief

from all three entities.

11.      The Lease contains several provisions setting out the Tenant's responsibilities

with respect to maintenance of the Premises and surrender thereof, including but not limited to

the following:

3

a.      "Tenant assumes and shall, at its own expense, have the sole responsibility to make all repairs, replacements and restorations to the Premises, the Improvements (including HVAC system) and signs placed on the Premises, interior and exterior, structural and non-structural, ordinary and extraordinary, and to keep all of the above in good condition and appearance. Tenant shall not permit or commit waste or deterioration of the Improvements or the Premises." Ex. A ¶ 8.

b.      "Tenant shall promptly notify Landlord of any damage or casualty to the Improvements or Premises. Tenant shall then promptly repair and restore (subject to reasonable time allowance for settlement of any insurance claims that may be filed and unavoidable delays) the Improvements and Premises to their condition prior to such damage or destruction." Ex. A ¶ 13(a)(i).

c.      "Upon expiration of this Lease, Tenant shall surrender the Premises to Landlord, together with the Improvements and all replacements, additions and improvements thereon, and all equipment (except Tenant's trade fixtures) that are part of the Premises (including, without limitation, all plumbing, lighting, electrical, heating, cooling, and ventilating fixtures and equipment), in good order and condition, reasonable wear and tear and damage by insured casualty . . . excepted." Ex. A ¶ 18.

12.     In addition, the Lease provides that the Tenant's failure to perform any of the "covenants, conditions or provisions" of the Lease "shall constitute a default and breach of this Lease," thus subjecting the Tenant to the default remedies provided under the Lease, including but not limited to, the recovery by the Landlord of actual damages plus the reasonable costs of this action, including but not limited to "reasonable attorney's fees and expenses." Ex. A ¶¶ 15 and 16, esp. 15(b) and 16(d).

4

13. The Lease was scheduled to expire on July 31, 2017. Prior to this expiration date, the Landlord sent the Tenant a number of communications reminding the Tenant of its maintenance and repair obligations under the Lease, and itemizing repairs and maintenance the Tenant was required to undertake. These communications included a December 9, 2016 letter the parties have since referred to as the "Repair Notice," a copy of which is attached hereto as **Exhibit B**, and two letters dated June 5, 2017, referred to herein as the "Second Repair Notice" and the "Default Notice." A copy of the Second Repair Notice is attached as **Exhibit C**, and a copy of the Default Notice is attached as **Exhibit D**.

14. Despite the Landlord's proactive efforts, and in breach of the Tenant's repair and maintenance obligations under the Lease, the Tenant failed to perform many of the repairs and maintenance items set out in the correspondence referred to in the preceding paragraph.

15. In approximately the spring of 2015, the Tenant partially or totally vacated the premises, but continued to pay rent. The Tenant reported that it was seeking to find a sub-tenant and represented that it was continuing to perform all its obligations under the Lease.

16. On July 31, 2017, upon expiration of the Lease, the Tenant surrendered the Premises to the Landlord in a badly damaged and completely unmarketable condition.

17. The Landlord discovered this while performing an inspection of the Premises that same day. The Landlord's inspection also revealed additional repair and maintenance work that the Tenant had failed to perform, in breach of the Lease's repair and maintenance provisions.

18. On August 2, 2017, the Landlord sent the tenant a letter summarizing its findings and informing the Tenant that since the Lease had expired, the Landlord would cause the required repairs and maintenance to be done, at the Tenant's expense. A copy of this Letter, the "Final Default Notice," is attached hereto as **Exhibit E**.

1-1648241.2

19.     Subsequent to transmitting the Final Default Notice on August 2, 2017, the Landlord set to work engaging contractors to perform the various repair and maintenance tasks the Tenant was responsible for under the Lease.  The Landlord and Tenant exchanged several communications about this work, its scope, and its cost.

20.     Having mostly completed these repairs and maintenance, on October 11, 2019, the Landlord sent a letter to the Tenant (the "Reimbursement Demand") demanding reimbursement of the costs of such repairs and maintenance. A copy of the Reimbursement Demand, together with its attachments, is attached hereto, collectively, as **Exhibit F**.  The reimbursement demand contains, as an attachment, a one-page summary of the repair and maintenance costs incurred, along with invoices documenting the various costs.   These amounts totaled $367,230.19.  The Landlord has applied the Tenant's $50,000 security deposit to this balance and demanded the remaining $317,230.19.

21.     The Tenant has failed to reimburse the Landlord for the amount set out in the preceding paragraph, or for any part thereof.

### Count I – Breach of Lease

22.     The Plaintiff hereby adopts and incorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth again.

23.     The conduct set out above, including without limitation the Tenant's failure to satisfy its repair and maintenance obligations under the Lease and its failure to reimburse the Landlord for repairs and maintenance the Landlord paid for but which were obligations of the Tenant, constitutes a breach of the Lease.

24.     In addition, the Tenant's failure to satisfy its repair and maintenance obligations within 30 days after receipt of written notice of such failure constitutes an "Event of Default."

6

25.     The Tenant's breach and default have directly and proximately caused the Landlord to incur damages of $367,230.19.  This is the amount the Landlord has spent and/or will spend to restore the Premises to the condition in which the Tenant was required to surrender them.

26.     The Landlord has applied the Tenant's $50,000 security deposit to this amount and claims, in this action, the balance of $317,230.19, plus pre-judgment and post-judgment interest and "all reasonable costs, fees and expenses (including without limitation reasonable attorney's fees and expenses)" incurred in this action.

WHEREFORE, Townsend Commander Parkway, LLC moves this Court to enter judgment in its favor against the Defendants, jointly and severally: (a) awarding $317,230.19 in compensatory damages; (b) awarding pre-judgment interest at the statutory rate from July 31, 2017 to present; (c) awarding post judgment interest at the statutory rate from the date of judgment until the amounts Defendants are required to pay have been fully paid; (d) awarding Plaintiff its costs of this litigation including its reasonable attorneys' fees; and (e) granting such further relief as the Court deems just and proper.

TOWNSEND COMMANDER PARKWAY, LLC,
a Delaware limited liability company,


By: _____
                        Of Counsel


Jason E. Ohana (VSB #82485)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia  23510
Telephone: 757.628.5500
Facsimile: 757.628.5566
johana@wilsav.com

7

1-1648241.2

## SECOND LEASE AMENDMENT

THIS SECOND LEASE AMENDMENT is made as of January _16th_, 2012, by and between NOELL REAL-ESTATE HOLDINGS LLC, a Virginia limited liability company ("Landlord") and ALLIANT TECHSYSTEMS INC., a Delaware corporation ("Tenant").

### R E C I T A L S

A.  By Lease dated March 1, 2006 (the "Lease"), Blackhawk Real-Estate Holdings LLC leased to Blackhawk Industries Product Group Unlimited, LLC a building and land located at 6160 Commander Parkway, Norfolk, Virginia 23502 (the "Property"), as more particularly described in said Lease.

B.  Whereas, Certificate of Use & Occupancy for the Premises was issued on July 2, 2007.

C.  Whereas, Blackhawk Real-Estate Holdings LLC changed its name to Noell Real-Estate Holdings LLC.

D.  By Lease Amendment and Assumption Agreement dated August 1, 2011, Alliant Techsystems Inc., a Delaware corporation, became successor in interest to Blackhawk Industries Product Group Unlimited, LLC, a Virginia limited liability company, as Tenant under the Lease on April 7, 2010.

E.  Landlord and Tenant desire to confirm the Premises, the initial term of the Lease, and the Rent Commencement Date of the Lease.

NOW, THEREFORE, in consideration of the mutual promises herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby agree as follows:

1.  Premises:  The description of the Premises contained in Section 1 of the Lease is hereby changed to read as follows:

    Landlord does hereby demise and lease to Tenant and Tenant hereby rents and leases from Landlord a building consisting of 20,792 square feet of the first floor, 20,520 square feet on the second floor, 20,550 square feet on the third floor, and 3,662 square feet of mezzanine for a total of 65,524 square feet and the land on which it is located, at 6160 Commander Parkway, Norfolk, Virginia 23502 (the "Premises").

2.  Term:  The initial term, as described in Section 2(a)(i) of the Lease, is for ten (10) years from the last day of the month in which the Rent Commencement Date occurred, with one (1) option to renew for ten (10) years, and commenced upon the Commencement Date of July 2, 2007 and is currently scheduled to expire on July 31, 2017.

3.  Rent Commencement Date:  In accordance with the Certificate of Use & Occupancy, the Rent Commencement Date is July 2, 2007.

1

# EXHIBIT A

4.   Rent:  In accordance with Section 3(a) of the Lease, the rent shall be payable in advance on the first business day of each and every month as outlined below:

| Term | Monthly Rent |
|------|------|
| July 2, 2007 – July 31, 2009 | $58,000.00 |
| August 1, 2009 – July 31, 2011 | $68,000.00 |
| August 1, 2011 – July 31, 2013 | $78,000.00 |
| August 1, 2013 – July 31, 2015 | $88,000.00 |
| August 1, 2015 – July 31, 2017 | $98,000.00 |

Monthly rent, as well as all other amounts payable by Tenant to Landlord hereunder (all of which will constitute rent and is sometimes collectively referred to herein as "additional rent") shall be deposited by Landlord within ten (10) days after receipt thereof and shall be held by Landlord, or Landlord's agent, in Landlord's operating account.

5.   All other terms and conditions of the Lease are hereby ratified and shall remain in full force and effect. In the event of a conflict between this Second Lease Amendment, the First Lease Amendment, and the Lease, this Second Lease Amendment shall prevail.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this agreement as of the date first written above.

LANDLORD:                    NOELL REAL-ESTATE HOLDINGS LLC,
                             a Virginia limited liability company

                             By: _____

                             Name: _Michael M. Noell_____

                             Its: _Manager_____

                             Date: January _26_, 2012


TENANT:                      ALLIANT TECHSYSTEMS INC.,
                             a Delaware corporation

                             By: _____

                             Name: _Keith B. Ross_____

                             Its: _Senior Vice President + General Counsel_

                             Date: January _16_, 2012

2

## LEASE AMENDMENT AND ASSUMPTION AGREEMENT

**THIS LEASE AMENDMENT AND ASSUMPTION AGREEMENT** is made as of the 1st day of August, 2011, by and between NOELL REAL-ESTATE HOLDINGS LLC, a Virginia limited liability company ("Landlord") and ALLIANT TECHSYSTEMS INC., a Delaware corporation ("Tenant").

### WITNESSETH:

WHEREAS, Blackhawk Real-Estate Holdings LLC, a Virginia limited liability company, entered into a lease (the "Lease") with Blackhawk Industries Product Group Unlimited LLC dated March 1, 2006, for property located at 6160 Commander Parkway, Norfolk, Virginia;

WHEREAS, Blackhawk Real-Estate Holdings LLC changed its name to Noell Real-Estate Holdings LLC;

WHEREAS, Blackhawk Industries Product Group Unlimited LLC was acquired by Alliant Techsystems, Inc. ("ATK") on April 7, 2010 and subsequently merged into ATK;

NOW, THEREFORE, the parties agree as follows:

1.   The name of the Landlord has been changed to Noell Real-Estate Holdings, LLC.

2.   ATK hereby acknowledges that it has assumed the Lease and all of the rights and obligations thereunder.

3.   Landlord hereby consents to the assumption of the Lease by ATK.

4.   The addresses for notices under the Lease are changed as follows:

|  |  |
|---|---|
| To Landlord: | Noell Real-estate Holdings LLC<br>PO Box 5942<br>Denver, CO  80217 |
| With a copy to: | Jerry L. Bowman, Esquire<br>Bowman Green Hampton & Kelly, PLLC<br>501 Independence Parkway, Suite 201<br>Chesapeake, Virginia 23320 |
| To Tenant: | Alliant Techsystems, Inc.<br>Attn: Real Estate Department<br>7480 Flying Cloud Drive |

1

Minneapolis, MN 55344-3720

With a copy to:     Keith Ross, Esq.
                    Alliant Techsystems, Inc.
                    7480 Flying Cloud Drive
                    Minneapolis, MN 55344-3720

Any addresses may be changed by written notice duly given by either party to the other.

5.      The Lease, except as modified herein, shall remain in full force and effect.

WITNESS the following signatures and seals:

LANDLORD:

NOELL REAL-ESTATE HOLDINGS LLC, a
Virginia limited liability company

Date: 7-27-11

By: _____ (SEAL)
Title: Manager

TENANT:

ALLIANT TECHSYSTEMS, INC.
a Delaware corporation

Date: 7/27/11

By _____ (SEAL)
Title: Senior Vice President + Gen. Counsel

2

## LEASE

THIS LEASE is made as of the 1st day of March, 2006, by and between BLACKHAWK REAL-ESTATE HOLDINGS LLC, a Virginia limited liability company ("Landlord") and BLACKHAWK INDUSTRIES PRODUCT GROUP UNLIMITED, LLC, a Virginia limited liability company ("Tenant").

### WITNESSETH:

1.     Premises.

    Landlord does hereby demise and lease to Tenant and Tenant hereby rents and leases from Landlord a building to be constructed and the land on which it is located, at Miller Store Road, Norfolk, Virginia (the "Premises"). Tenant agrees to deposit a security deposit of Fifty Thousand Dollars ($50,000.00) with Landlord to ensure its full and complete performance hereunder.

2.     Term.

    (a)     (i)     The initial term of this Lease shall commence on the issuance of a certificate of occupancy for the Premises (the "Commencement Date") and shall end on the date (the "Expiration Date") that is ten (10) years from the last day of the month in which the "Rent Commencement Date" (as defined below) occurs. When used herein, the term "Premises" shall mean and include the Improvements to be constructed by Tenant on the Premises.

    (ii)     The "Rent Commencement Date" shall be the Commencement Date.

    (iii)     The "Execution Date" shall be the date this Lease is fully executed.

    (b)     References to "Lease Term " or "Term" shall mean the time period from the Commencement Date until the Expiration Date. References to "Lease Year" shall mean the twelve (12) month period starting with the first day of the first month following the Rent Commencement Date, and each yearly anniversary thereafter. References to "expiration" of the Term shall include "termination" and vice-versa.

    (c)     At the expiration of the Term, Tenant shall deliver to Landlord peaceful possession of the Premises in accordance with Section 18 herein. No holding over by Tenant or acceptance of Rent by Landlord shall operate as a renewal or extension of this Lease. If Tenant remains in possession of the Premises after the expiration of the Term with the consent of Landlord, such holdover

1

term (i) shall be considered a tenancy for month to month and (ii) shall be subject to termination by either party giving thirty (30) days advance written notice to the other.

(e)   At either party's request, Landlord and Tenant agree to execute a Declaration of Terms Agreement confirming the Commencement Date, the Rent Commencement Date, the First Lease Year, and the Expiration Date.

3.   Rent.

(a)   During the Term, Tenant covenants to pay rent to Landlord on the first day of each month, in advance, in equal monthly installments of Fifty-Eight Thousand Dollars ($58,000.00) each. The rent shall be increased on August 1, 2009, and each two year anniversary of August 1 by $10,000 monthly.

(b)   On the Rent Commencement Date, Tenant shall pay to Landlord prorated rent for the balance of the month in which the Rent Commencement Date falls.

(c)   If any payment of Rent by Tenant is not paid within ten (10) days after Tenant receives written notice of non-payment, Tenant shall pay a late charge equal to five percent (5%) of any such delinquent installment of Rent.

(d)   All payments of Rent shall be made to Landlord at the address to which notices are sent under Section 22.

4.   Taxes, Utilities and Common Area Charges.

(a)   (i)   Except as otherwise herein provided, Tenant agrees to pay or reimburse Landlord for all Real Estate Taxes (as defined below) and all other governmental charges which at any time may be assessed, levied, or imposed upon the real property on which the Premises are situated. The term "Real Estate Taxes" shall include real estate taxes, charges and assessments and any tax that may be imposed wholly or in part in lieu of, or in addition to, real estate taxes. Real Estate Taxes shall not include franchise, gross receipts, transfer, rental income, estate or inheritance taxes personal in nature to Landlord or any and all roll-back taxes or other deferred ad valorem taxes or charges/assessments previously abated or deferred and which are attributable to any period occurring prior to the Commencement Date, or which subsequently become due as a result of a change in zoning or use classification of the Premises and Landlord agrees to pay promptly all such taxes as and when they become due.

2

(ii)    Impositions becoming a lien upon the Premises during the first and last years of the Term shall also be prorated between Landlord and Tenant on a 365 day basis.

(iii)   Tenant shall have the right to contest the amount or validity of any Impositions by and in accordance with appropriate legal proceedings, diligently pursued, in the name of Landlord if required by applicable law, provided that: (A) the Premises is not in any danger of being sold as forfeited; (B) Tenant shall have furnished such security, if any, as may be required in the proceedings; and (C) all expenses incurred in connection with such proceedings shall be paid by Tenant.  Tenant agrees to indemnify and hold Landlord harmless from all costs, expenses (including reasonable attorney's fees), claims or damages accruing by reason of, or in connection with, or resulting from any such action or proceeding.  Landlord agrees to cooperate with Tenant, execute any and all documents in connection with such a proceeding and, if required by law, rule or regulation, shall join with Tenant in the prosecution thereof.

(b)    All utilities serving the Premises shall be separately metered in Tenant's name.  Tenant agrees to pay promptly when due all deposits, hook-up and utility use fees required for utility services to the Premises and all utility bills, charges and fees for such service throughout the Term.

(c)    All common area charges with respect to the Premises shall be paid by the Tenant or reimbursed by the Tenant to the Landlord in the event paid by Landlord.

5.    Use and Operation.

(a)    Tenant may use the Premises and the Improvements for any purpose permitted under applicable laws, ordinances and regulations.

(b)    Tenant shall at all times comply with all present and future federal, state and municipal laws, ordinances and regulations relating to the Premises and Improvements and with the board of fire underwriters, respecting the use, condition and occupancy of the Premises.

(c)    Tenant shall not violate any Federal, state or local law pertaining to the generation, storage, treatment, use, transportation or disposal of any hazardous materials, toxic chemicals, or similar substances, as defined by 42 U.S.C. § 1251, et seq., or 42 U.S.C. § 6901, et seq., or 42 U.S.C. § 9601,

3

et seq., or 33 U.S.C. § 1317(1) or 15 U.S.C. § 2606(f), or 49 U.S.C. § 1801, et seq., or regulations adopted pursuant thereto or any similar provision of any applicable Federal, state or local law (collectively "Hazardous Materials").

(d)     Tenant shall indemnify, defend and hold harmless Landlord from and against all claims, liabilities, losses, damages, and costs, foreseen or unforeseen, including without limitation, counsel, engineering and other professional or expert fees, which Landlord may incur by reason of Tenant's action or breach of Tenant's obligations under this Section 5. Tenant agrees to give notice to Landlord immediately of any governmental or any regulatory actions pending or threatened with respect to Hazardous Materials affecting the Premises and of all claims made or threatened by any third party relating to damage or injury resulting from Hazardous Materials on or about the Premises of which Tenant has knowledge.

(e)     Landlord shall indemnify, defend and hold harmless Tenant from and against all claims, liabilities, losses, damages, and costs, foreseen or unforeseen, including without limitation, counsel, engineering and other professional or expert fees, which Tenant may incur by reason of any Hazardous Materials affecting the Premises prior to or as of the Commencement Date. Landlord agrees to give notice to Tenant immediately of any governmental or any regulatory actions pending or threatened with respect to Hazardous Materials affecting the Premises and of all claims made or threatened by any third party relating to damage or injury resulting from Hazardous Materials on or about the Premises of which Landlord has knowledge.

(f)     This Section 5 shall survive the expiration or earlier termination of this Lease.

6.     Construction of Improvements.

(a)     Tenant shall not begin any construction of any improvements on or to the Premises until Landlord has approved Tenant's building plans pursuant to Section  6(c) below.

(b)     All construction of the Tenant's proposed improvements on the Premises by the Tenant (collectively the "Improvements") shall conform with all building and zoning laws, ordinances and regulations of all governmental authorities.

7.     Fixtures and Other Property. The Improvements and all replacements, additions and improvements thereof constructed or placed on the Premises (excluding trade fixtures installed by Tenant which shall remain the property of tenant) shall be the

4

property of Landlord. Tenant may remove its trade fixtures and personal property from the Premises in accordance with this lease.

8. <u>Maintenance and Repair of Premises</u>. Tenant assumes and shall, at its own expense, have the sole responsibility to make all repairs, replacements and restorations to the Premises, the Improvements (including HVAC system) and signs placed on the Premises, interior and exterior, structural and non-structural, ordinary and extraordinary, and to keep all of the above in good condition and appearance. Tenant shall not permit or commit waste or deterioration of the Improvements or the Premises.

9. <u>Alterations</u>. Tenant shall not make any alteration which materially affects the structural integrity of the Improvements without first obtaining the prior written consent of the Landlord. All alterations, additions and improvements (excepting trade fixtures and Tenant's personal property) shall become a part of the Premises.

10. <u>Construction; Liens</u>. All construction, repairs, alterations and improvements made by Tenant shall be completed in a good and workmanlike manner at no cost to Landlord, and Tenant shall promptly release or cause to be released any mechanics', materialmen's or other liens filed against the Premises with respect thereto.

11. <u>Indemnity</u>. Tenant shall indemnify and save Landlord, and its officers, directors, partners, agents and employees, and the successors and assigns of Landlord, harmless from and against any and all claims, actions, damages, liabilities and expenses (including without limitation reasonable attorney's and other reasonable professional fees): (i) resulting from Tenant's failure to comply with its obligations under this Lease; and (ii) in connection with loss of life, bodily injury, personal injury or property damage that occurs on the Premises or results from Tenant's gross negligence or willful misconduct and which is not the result of any negligence or act or failure to act on the part of Landlord or Landlord's agents. Tenant shall defend any lawsuits (including arbitration, administrative and governmental and quasi-governmental proceedings) with respect to which this indemnity applies and shall pay any judgments resulting from such lawsuits. Landlord shall indemnify and save Tenant, and its officers, directors, shareholders, invitees, agents and employees, and the successors and assigns of Tenant, harmless from and against any and all claims, actions, damages, liabilities and expenses (including without limitation reasonable attorney's fees and other reasonable professional fees): (i) resulting from Landlord's failure to comply with its obligations under this Lease; (ii) in connection with loss of life, bodily injury, personal injury or property damage that occurs on the Premises which is the result of any negligence or act or failure to act on the part of Landlord or Landlord's agents.

12. <u>Insurance</u>.

5

(a)  (i)   Tenant shall maintain, with respect to the Improvements and Premises, public liability and personal property damage insurance endorsed to cover personal injury. The coverage for each occurrence shall be at least One Million Dollars ($1,000,000.00) combined single limit for personal and bodily injury, death and property damage. Each liability policy shall name Landlord as an additional insured.

      (ii)   Landlord shall maintain fire and all risk property and casualty insurance on the Improvements and Premises, with extended coverage endorsements, written at one hundred percent (100%) of the replacement cost value (excluding the foundation) of the Premises. Such policy shall name Tenant as an additional insured.

(b)   All insurance coverage required under this Section shall be maintained at Tenant's expense, and Tenant shall pay promptly when due all premiums for such insurance. The parties shall furnish each other with copies of all insurance policies as the same are put into effect. Each policy shall provide that it shall not be canceled or modified without thirty (30) days' prior written notice to Landlord and Tenant.

(c)   Landlord and Tenant mutually release and discharge each other (as well as the officers, directors, partners, agents and employees of each party) from responsibility and liability (by way of subrogation or otherwise) for loss or damage to any building, structure or other property of the other party, or any resulting loss of income, that may arise from a fire or other casualty covered by insurance benefitting the party suffering such loss or damage or that was required to be covered by insurance under the terms of this Lease. The above releases also shall apply to any third party, including any insurance company, claiming through or under a party as a result of a right of subrogation.

13.   <u>Damage or Destruction</u>.

(a)  (i)   Tenant shall promptly notify Landlord of any damage or casualty to the Improvements or Premises. Tenant shall then promptly repair and restore (subject to reasonable time allowances for settlement of any insurance claim that may be filed and unavoidable delays) the Improvements and Premises to their condition prior to such damage or destruction.

      (ii)   If the insurance proceeds are insufficient to complete the restoration, Tenant shall be responsible for payment of the resulting deficiency.

6

(b)     However, if the damage occurs during the last five (5) years of the original Term or during any renewal term, <u>and</u> if the cost of restoration exceeds twenty-five percent (25%) of the replacement cost of the Improvements, then either party may terminate this Lease by giving the other party written notice within thirty (30) days after the occurrence of such casualty. If this Lease is not terminated, Tenant shall be obligated to restore the Premises as above provided. If this Lease is terminated, all insurance proceeds for the Premises, and Improvements (excluding proceeds payable under separate insurance policies maintained by Tenant with respect to Tenant's trade fixtures) derived from such damage or destruction shall be paid solely to Landlord.

14.   <u>Condemnation.</u>

(a)     If the whole or any part of the Premises is taken under the power of eminent domain or sold pursuant to the threat thereof (collectively a "Taking"), then this Lease will terminate as to the portion of the Premises so taken or sold on the date ("Taking Date") when Tenant is required to yield possession. This Lease shall remain in full force and effect as to the portion of the Premises not taken, except that Rent shall be reduced as provided in subparagraph 14(c) below. However, if any Taking of the Improvements, Premises or any portion of the Common Areas substantially impairs Tenant's business, in Tenant's sole judgment, and if Tenant notifies the Landlord in writing of such status within ninety (90) days after Tenant's receipt of written notice of the proposed Taking, then this Lease shall terminate as to the entire Premises, <u>ipso facto</u>, as of the Taking Date.

(b)     In the event that this Lease does not terminate as to the entire Premises, Tenant shall, at its expense, promptly repair and/or restore the Improvements to the condition the same were in prior to the Taking. Any costs of repair or restoration that exceed the condemnation award shall be paid by Tenant.

(c)     If a portion of the Premises is taken and this Lease is not terminated pursuant to the provisions of this Section, the Rent shall be proportionately reduced as of the Taking Date in the <u>same</u> ratio that the square footage of the Premises taken compared to the total square footage of the Premises immediately before the Taking.

(d)     Tenant shall be entitled to that portion of the award attributable to its leasehold interest in the Premises and the entire award made for the Improvements and Free Standing Sign, and Landlord shall be entitled to that portion of the award attributable to its remainder interest in the Premises, unless Tenant is required or elects to repair the Improvements, in which event the entirety of the award made for such condemnation shall be paid to Tenant

7

for use by Tenant in connection with the making of such repairs and reconstruction, and the balance of any such award remaining after the performance of such work shall be allocated between Landlord and Tenant in accordance with the foregoing provisions. Tenant shall further be entitled to any portion of the award (i) made with respect to a taking of its trade fixtures, and (ii) made with respect to Tenant's removal or relocation costs, damages to Tenant's personal property, any special damages of Tenant or loss of Tenant's business profits or goodwill. In addition, Tenant shall be entitled to any portion of the award attributable to the value of the leasehold estate of Tenant for the remainder of the Term of this Lease and made as compensation for damages for interruptions or dislocation of Tenant's business and for moving and remodeling expenses.

(c)   Landlord shall give Tenant immediate notice of the actual or threatened commencement of any eminent domain proceeding affecting all or any portion of the Improvements or Premises and shall deliver to Tenant copies of any and all papers served in connection with any such proceedings. Tenant may interpose and prosecute a claim in any proceeding in respect of any taking, either independent of any claim of Landlord or, if only a single award is made for such taking, as part of Landlord's claim. No agreement, settlement, sale or transfer to or with the condemning authority shall be made without the consent of Tenant.

15.   <u>Default</u>. The happening of any one or more of the following events ("Events of Default") shall constitute a default and a breach of this Lease for which Landlord shall have the remedies set forth in Section 16 below:

(a)   The failure of Tenant to pay any Rent within ten (10) days after receipt by Tenant of written notice from Landlord of such failure.

(b)   The failure of Tenant to perform or diligently proceed to perform any of the other covenants, conditions or provisions of this Lease within thirty (30) days after receipt by Tenant of written notice of such failure. However, if the default cannot reasonably be cured within said thirty (30) day period and if Tenant shall have diligently taken all reasonable and necessary action to cure the default within said thirty (30) day time period, no Event of Default shall be deemed to occur if Tenant proceeds and continuously proceeds to remedy the default promptly and diligently.

16.   <u>Remedies Upon Default</u>. Upon the occurrence of one or more Events of Default by Tenant, Landlord shall have the following remedies:

8

(a) Landlord may proceed as it deems advisable to enforce the provisions of this Lease at law or in equity.

(b) Landlord at any time thereafter may, at its option, terminate this Lease by giving Tenant at least ten (10) days' advance written notice of the date the Term shall end, and Tenant will then quit and surrender the Premises to Landlord.

(c) (i) Landlord may re-enter the Premises and may repossess the Premises. Such re-entry and/or repossession may be effected by summary proceedings, ejectment or otherwise.   Upon such re-entry or repossession, Landlord may dispossess Tenant and may remove Tenant from the Premises without further notice to Tenant.

(ii) Landlord may re-let, in one or more leases, all or part of the Premises, either in the name of Landlord or otherwise, for a term or terms that may be greater or less than the period that would otherwise have constituted the balance of the Term of this Lease. Landlord may grant concessions or free rent without in any way affecting Tenant's liability for rent payable under this Lease for the period of concession or free rent. Landlord shall use reasonable efforts to relet the Premises, but Landlord shall in no event be liable, and Tenant's liability under this Lease shall not be affected or diminished in any way whatsoever, for Landlord's failure to re-let the Premises, or if the Premises are re-let, for Landlord's failure to collect the rent thereof under such re-letting.

(d) In case of any default, re-entry, expiration or dispossession of possession by summary proceedings or otherwise, Tenant shall remain liable for: (i) all Rent and damages that may be due or sustained by Landlord up to the time this Lease terminates or Landlord takes possession of the Premises, whichever occurs first, and the performance of all other obligations of Tenant accruing under this Lease through such date (collectively "Accrued Damages"); and (ii) all reasonable costs, fees and expenses (including without limitation reasonable attorney's fees and expenses and reasonable brokerage commissions and fees) incurred by Landlord in pursuit of its remedies under this Lease and in renting the Premises to others from time to time (including Re-letting Preparations) (all such Accrued Damages, costs, fees and expenses are referred to collectively as the "Default Damages").

(e) Any action taken by Landlord under this Section shall not waive any right that Landlord might have against Tenant for Rent reserved in this Lease or

9

otherwise, and Tenant shall remain responsible to Landlord for any cost, loss and damage suffered by Landlord by reason of Tenant's default or breach.

(f) In the event of Tenant's failure to perform or satisfy any covenant or obligation under this Lease (regardless of whether such failure constitutes an "Event of Default" under this Lease), Landlord shall have the right (in addition to the foregoing remedies of Landlord under this Section) to perform such covenant or obligation: (i) if no emergency exists, after giving ten (10) days notice to Tenant and provided Tenant has not commenced to cure the default within the ten (10) day period and thereafter is diligently prosecuting the same to completion; and (ii) in an emergency situation, immediately upon giving such prior oral or written notice to Tenant, if any, as is practicable given the nature of the emergency (otherwise Landlord shall give Tenant written notice as soon thereafter as is practicable). Upon receipt of a billing for the reasonable costs and expenses incurred hereunder by Landlord, Tenant shall reimburse Landlord for such amounts.

17. <u>Assignment, Subletting and Leasehold Financing.</u>   Tenant may not assign or sublet (or grant other occupancy rights to) the Premises, in whole or in part, without the consent of Landlord.

18. <u>Surrender.</u>  Upon the expiration of this Lease, Tenant shall surrender the Premises to Landlord, together with the Improvements and all replacements, additions and improvements thereon, and all equipment (except Tenant's trade fixtures) that are part of the Premises (including, without limitation, all plumbing, lighting, electrical, heating, cooling and ventilating fixtures and equipment), in good order and condition, reasonable wear and tear and damage by insured casualty (so long as Tenant has in effect the insurance required under Section 12 at the time the casualty occurs) excepted. Provided Tenant has performed all of its obligations under this Lease, Tenant shall have the right to remove all its trade fixtures and signage from the Premises without Landlord's consent as of the expiration of the Term. Such removal shall be at Tenant's expense, and Tenant shall repair any damage caused by such removal. If Tenant fails to remove such trade fixtures or signage within ten (10) days after the expiration of the Term, such property shall automatically become the property of Landlord. Alternatively, Landlord may cause the removal of all trade fixtures and signage at Tenant's expense, and Tenant hereby agrees to reimburse Landlord, upon demand, for all such costs incurred by Landlord.

19. <u>Quiet Possession; Status of Title.</u>  Provided Tenant is not in default under the provisions of this Lease, Landlord covenants that Tenant shall have and enjoy during the Term quiet and peaceable possession of the Premises, subject to all terms and provisions of this Lease, free of molestation by Landlord. However, Tenant's leasehold interest in the Premises and all of its right, title and interest in and to this

10

Lease are subject to all conditions, restrictions, agreements and other matters of record.

20.   Successors and Assigns.   The provisions of this Lease shall bind and inure to the benefit of each of the parties and their respective successors and assigns.

21.   Final Understanding; Captions; Pronouns; Conflicts.

(a)   This Lease represents the final understanding between Landlord and Tenant. This Lease cannot be modified except by a writing signed by the party against whom the modification is to be enforced.

(b)   The captions in this Lease are for purposes of reference only and shall not limit or define the meaning of the provisions of this Lease.

(c)   Where the context requires, the use of any gender shall include all genders, and the singular shall include the plural and vice-versa.

22.   Notices.   All notices or demands to be given or served by either party to the other shall be in writing, sent by certified or registered mail, or delivered in person, and shall be deemed to have been given when deposited in the U.S. Mail, postage prepaid, or if delivered, then upon such delivery, addressed as follows:

|  |  |
|---|---|
| To Landlord: | BlackHawk Real-estate Holdings LLC<br>2301 Windward Shore Drive<br>Virginia Beach, VA 23451 |
| To Tenant: | Blackhawk Industries Product Group Unlimited, LLC<br>4850 Brookside Court<br>Norfolk, VA 23502 |
| With a copy to: | Jerry L. Bowman, Esquire<br>Bowman Green Hampton & Kelly, PLLC<br>501 Independence Parkway, Suite 201<br>Chesapeake, Virginia 23320 |

Any addresses may be changed by written notice duly given by either party to the other.

23.   Estoppel Certificate.   Within ten (10) days after receipt of a request, Tenant and Landlord agree to deliver to the other a duly executed and acknowledged instrument certifying to the best of their knowledge: (i) whether this Lease is in full force and

11

effect (and if not, why); (ii) as to the existence of any default, including the nature or extent of such default; (iii) whether there are any defenses, counterclaims or offsets to such default; (iv) whether there has been any modification or amendment to the Lease, and specifying the nature of such modification; (v) as to the commencement and expiration dates of the term; (vi) as to the date to which Rent has been paid; and (vii) as to such other matters relating to this Lease as may be reasonably requested. Any such certificate may be conclusively relied upon by the recipient and by any other person to whom it has been exhibited or delivered, and the contents of the certificate shall be binding upon the party executing it.

24.     Waiver.

(a)     No failure by either party to insist upon the strict performance of any term or covenant hereof or to exercise any right, power or remedy consequent upon a breach, and no submission by Tenant or acceptance by Landlord of full or partial Rent during the continuance of any such breach shall constitute a waiver of the breach or of any such term or covenant. No waiver of any breach shall affect this Lease (which shall continue in full force and effect) or the rights of either party with respect to any other then existing or subsequent breach.

(b)     No payment by Tenant or acceptance by Landlord of a lesser amount than the Rent herein stipulated shall be deemed to be other than on account of the earliest stipulated Rent, nor shall any check or any letter accompanying any check or payment for Rent be deemed an accord and satisfaction. Landlord may accept such check or payment without prejudice to Landlord's right to recover the balance of such Rent or pursue any other remedy provided for at law or under this Lease.

25.     Remedies Cumulative. Each remedy provided for in this Lease shall be cumulative and concurrent and shall be in addition to every other remedy provided for in this Lease or now or hereafter existing at law or in equity or by statute. The exercise by either party of any remedies shall not preclude the simultaneous or later exercise by such party of the same or any other remedies.

26.     Provisions Subject to Applicable Law. All rights, powers and remedies under this Lease may be exercised only to the extent that such exercise does not violate any applicable law, and are intended to be limited to the extent necessary so that they will not render this Lease invalid or unenforceable. If any term of this Lease shall be held to be invalid, illegal or unenforceable, the validity of the other terms of this Lease shall not be affected.

27.  Governing Law.  This Lease shall be governed by and construed in accordance with Virginia law.

28.  Waiver of Jury Trial.  Landlord and Tenant each waive any right to a trial by jury.

29.  Net Lease.  Except as otherwise provided, this Lease shall be deemed and construed to be a "triple net lease", and Tenant shall pay Landlord absolutely triple net throughout the Term all Rent as set forth above free of any charges, assessments or impositions of any kind.   Under no circumstances or conditions, whether now existing or later arising or whether beyond the present contemplation of the parties, shall Landlord be expected or required to make any payments of any kind or be under any other obligation or liability under this Lease, except as otherwise expressly set forth in this Lease.

30.  Broker.  Landlord and Tenant represent to each other that they have not dealt with any broker or finder, licensed or otherwise, in connection with this Lease and that no broker or other person is entitled to any commission or other fee by reason of the negotiation and execution of this Lease.  Landlord and Tenant agree to hold each other harmless against any and all claims for brokerage commissions and fees arising out of any conversation, negotiations or other dealings held by the indemnifying party with any broker or other party regarding this Lease.

31.  Lease Termination.  As long as Landlord is not in default hereunder, no termination of this Lease as may be provided for under this Lease in favor of Tenant shall be effective, except at Landlord's option, until Tenant has paid all Rent and other charges and performed all of Tenant's other obligations under this Lease.  Upon Tenant satisfying the foregoing requirements, the termination of this Lease shall take effect and thereafter both Landlord and Tenant shall have no further obligations or responsibilities under this Lease.

32.  Power and Authority.  The person or persons executing this Lease on behalf of Tenant do hereby covenant and warrant that such persons are duly authorized by the board of directors of Tenant to execute and deliver this Lease on behalf of Tenant. Upon Landlord's request, Tenant shall deliver Landlord a certified corporate resolution confirming the above warranty.

33.  Responsibility of Tenant.  Any restriction on or requirement imposed upon Tenant under this Lease shall be deemed to extend to Tenant's subtenants, concessionaires, and licensees and other occupants of the Premises permitted under this Lease, and it shall be Tenant's obligation to cause the foregoing persons to comply with all covenants and agreements stipulated to be performed on the part of Tenant.

13

34. <u>Counterparts</u>. This Lease may be executed in counterparts, each of which constitutes an original document, and/or with counterpart signature pages, in which event this Lease shall have the same force and effect as though all of the parties had signed a single signature page.

35. <u>Submission</u>. This Lease does not constitute an offer to lease and the parties shall not be bound by this Lease until it is executed and unconditionally delivered by both parties.

36. <u>Representations, Warranties and Covenants</u>.

    (a) Landlord represents, warrants and covenants to Tenant that:

        (1) Landlord has full right and authority to enter into this Lease and perform Landlord's obligations under this Lease;

        (2) Landlord has fee simple title to the Premises, free and clear of any mechanic's liens and no third party possesses or is entitled to possession thereof and to the best of Landlord's knowledge, Landlord has good, marketable and insurable title to the Premises and Common Areas.

        (3) Landlord has not received any notice, nor does Landlord have any actual knowledge of (i) any pending action to take by condemnation all or any portion of the Premises, nor has Landlord agreed or committed to dedicate any part of the Premises; or (ii) any violations of the Premises of any federal, state or local environmental, wetlands, hazardous wastes or substances, health, safety, clean air, clean water or other similar type law, ordinance, order, regulation or requirement affecting any portion of the Premises.

    (b) All of the representations and warranties of Landlord contained herein shall be true and accurate in all material respects at the time of the execution of this Lease by Landlord and on the Commencement Date and the Rent Commencement Date.

    (c) Within ten (10) days from the Execution Date Landlord shall use its best efforts to disclose to Tenant all material information about the Premises of which Landlord has actual knowledge and shall use its best efforts to deliver to Tenant copies of all materials, documents and papers related to the Premises and its condition which are in Landlord's possession or control, including, but not limited to, surveys, title reports, policies and exceptions, environmental studies, plats, appraisals, engineering studies and soils reports.

14

37.   **Force Majeure.**  In the event that either party hereto shall be delayed or hindered in or prevented from the performance required hereunder by reason of strikes, lockouts, labor troubles, failure of power, riots, insurrection, war, acts of God, or other reason of like nature not the fault of the party delayed in performing work or doing acts, such party shall be excused for the period of time equivalent to the delay caused by such event.

38.   **Option to Renew.**  If Tenant is not in default hereunder at the time of the exercise of the option granted herein, Tenant shall have the right to renew this lease for an additional term of ten (10) years on the same terms and conditions contained herein (including base rent at the rate of in effect for the last year of the original term increased by the greater of (i) three (3%) or (ii) the increase in the consumer price index for the immediately preceding calendar year for each year of the renewal term.

WITNESS the following signatures and seals:

LANDLORD:

BLACKHAWK REAL-ESTATE HOLDINGS LLC, a Virginia limited liability company

Date:_____

By:_____(SEAL)
Title:_____

TENANT:

BLACKHAWK INDUSTRIES PRODUCT GROUP UNLIMITED, LLC
a Virginia limited liability company

Date:_____

By _____(SEAL)
Title:_____

15

# TOWNSEND COMMANDER PARKWAY, LLC

11311 McCormick Road · Suite 470 · Hunt Valley, Maryland  21031 · (410) 321-1900 · Fax (410) 321-1901

December 9, 2016

**BY FEDERAL EXPRESS**

Alliant Techsystems, Inc.
Attn: Real Estate Department
7480 Flying Cloud Drive
Minneapolis, MN 55344-3720

Re:    Lease dated March 1, 2006 between Blackhawk Real-Estate Holdings LLC, n/k/a
Noell Real-Estate Holdings, LLC, as landlord, whose interest was assigned to,
and assumed by, Townsend Commander Parkway, LLC (the "Landlord") on May
29, 2012, and Blackhawk Industries Product Group Unlimited, LLC, as tenant,
whose interest was, by Lease Amendment and Assumption Agreement dated
August 1, 2011 and effective April 7, 2010, assigned to, and assumed by, Alliant
Techsystems Inc. (the "Tenant"), as the same was amended by a Second Lease
Amendment dated January 16, 2012 with respect to the premises commonly
known as 6160 Commander Parkway, Norfolk, Virginia (the "Premises") (as so
amended, the "Lease")

To Whom It May Concern,

Pursuant to past conversations and correspondence with various Tenant personnel, I am
aware the Tenant has vacated the Premises and has not had operations in the building located on
such Premises for many months.  As a result, there are a number of repair and maintenance items
that came to my attention during a recent visit to the Premises that need immediate attention.

These items are:

- **Elevators:**
    - There appeared to be only one elevator working and it had a longer than usual
    pause before it engaged;
    - The elevator mechanical room sounded abnormally loud; and
    - There were a number of lights out in the elevator.
        - Actions Required:
            - Replace all lights in the elevator cabs that are out; and
            - Have a qualified Otis elevator technician perform a detailed
            inspection of the two elevators and mechanical room, and make all
            necessary repairs.

# EXHIBIT B

Alliant Techsystems, Inc.
Attn: Real Estate Department
December 9, 2016
Page 2

- **Backup Generator:**
  - o With the building being unoccupied for quite some time, I do not suspect the generator has been tested as regularly as it should be.
    - Actions Required
      - Please provide a 2 year history of when the generator was tested and the results thereof; and
      - Please schedule a test of the generator to ensure it is in good working condition, and make any necessary repairs.
- **HVAC System:**
  - o With the building being unoccupied for quite some time, I suspect the systems have been running intermittently.
    - Actions Required:
      - Please have a qualified technician inspect the HVAC system and make any necessary repairs.
  - o There was an abundant presence of both live and dead wasps/bees throughout the building.
    - Actions Required:
      - Please have a qualified exterminator inspect and remove the wasp/bees nests, and spray as necessary.
- **Exterior/Premises:**
  - o Water leaking from the building suggests a leak in the water main.
    - Actions Required:
      - Please work with the City of Norfolk and qualified plumbing professionals to identify and repair the damaged pipe.
  - o Flags on the flag pole are tattered.
    - Actions Required:
      - Please remove (or replace) the flags and properly dispose the tattered flags.
  - o Parking lights appear to be falling off of the light poles.
    - Actions Required:
      - Please have a qualified electrician inspect, replace and/or repair the broken lights; and
      - Please have a qualified electrician inspect, replace and/or repair the existing lights to ensure they are securely fastened.
  - o Parking lot drainage showed signs of clogging.
    - Actions Required:
      - Please have the drains inspected and cleaned as necessary.
  - o Existing signage on the building.
    - Actions Required:
      - Please submit a plan for removing the signage (include timing and making necessary repairs).

Alliant Techsystems, Inc.
Attn: Real Estate Department
December 9, 2016
Page 3

     In accordance with Section 8 of the Lease (Maintenance and Repair of Premises), these items are the responsibility of the Tenant and Landlord is requesting the Tenant address the issues listed above and provide Landlord a written report upon completion. Thank you for attention to this matter and please contact me should you have any questions.

                        Sincerely,

                        Jared P. Stile, CPA
                        Executive Vice President

/jps

CC:    Keith Ross, Esq. (via overnight mail)
        Edward Kolesaric (via e-mail)
        Michael Swanenburg, Esq. (via e-mail)

# Townsend Commander Parkway, LLC

11311 McCormick Road · Suite 470 · Hunt Valley, Maryland 21031 · (410) 321-1900 · Fax (410) 321-1901

June 5, 2017

**VIA OVERNIGHT CERTIFIED MAIL**

Alliant Techsystems, Inc.
Attn: Real Estate Department
7480 Flying Cloud Drive
Minneapolis, MN 55344-3720

Re:   Lease dated March 1, 2006 between Blackhawk Real-Estate Holdings LLC, n/k/a Noell Real-Estate Holdings, LLC, as landlord, whose interest was assigned to, and assumed by, Townsend Commander Parkway, LLC (the "**Landlord**") on May 29, 2012, and Blackhawk Industries Product Group Unlimited, LLC, as tenant, whose interest was, by Lease Amendment and Assumption Agreement dated August 1, 2011 and effective April 7, 2010, assigned to, and assumed by, Alliant Techsystems Inc. (the "**Tenant**"), as the same was amended by a Second Lease Amendment dated January 16, 2012 with respect to the premises commonly known as 6160 Commander Parkway, Norfolk, Virginia (the "**Premises**") (as so amended, the "**Lease**")

*NOTICE TO MAKE REPAIRS*

To Whom It May Concern:

Any capitalized term used herein without definition shall have the meaning ascribed to such term in the Lease.   Pursuant to Section 8 of the Lease, the Tenant is required (at the Tenant's cost and expense) to maintain and repair the Premises and Improvements,   Set forth below, please find a listing of various items at the Premises and Improvements that require upkeep and repair:

  o   Overgrown landscaping on the Premises
    ▪  Actions Required:
      ● Please mow and properly maintain the appearance of the Premises; and
      ● Please water the newly planted flowers.

  o   Large boat trailer in the back of the parking lot.
    ▪  Actions Required:

# EXHIBIT C

Alliant Techsystems, Inc.
Attn: Real Estate Department
June 5, 2017
Page Two

- Please ensure the removal of the trailer upon termination of the Lease.

   o  Garbage removal.
- Actions Required:
  - Please remove all garbage and debris from the site, including the emptying of the dumpster on-site.

Kindly have these items corrected and provide Landlord a written report upon completion of the same. Thank you for attention to this matter and please contact me should you have any questions.

Sincerely,

Jared P. Stile, CPA
Executive Vice President

cc:   Keith Ross, Esq. (via Overnight Certified Mail)
      Edward Kolesaric (via e-mail)
      Michael Swanenburg, Esq. (via e-mail)
      JD Dulaney (via e-mail)

# Townsend Commander Parkway, LLC

11311 McCormick Road · Suite 470 · Hunt Valley, Maryland  21031 · (410) 321-1900 · Fax (410) 321-1901

June 5, 2017

**VIA OVERNIGHT CERTIFIED MAIL**

Alliant Techsystems, Inc.
Attn: Real Estate Department
7480 Flying Cloud Drive
Minneapolis, MN 55344-3720

Re:    Lease dated March 1, 2006 between Blackhawk Real-Estate Holdings LLC, n/k/a
Noell Real-Estate Holdings, LLC, as landlord, whose interest was assigned to,
and assumed by, Townsend Commander Parkway, LLC (the **"Landlord"**) on
May 29, 2012, and Blackhawk Industries Product Group Unlimited, LLC, as
tenant, whose interest was, by Lease Amendment and Assumption Agreement
dated August 1, 2011 and effective April 7, 2010, assigned to, and assumed by,
Alliant Techsystems Inc. (the **"Tenant"**), as the same was amended by a Second
Lease Amendment dated January 16, 2012 with respect to the premises commonly
known as 6160 Commander Parkway, Norfolk, Virginia (the **"Premises"**) (as so
amended, the **"Lease"**)

**DEFAULT NOTICE**

To Whom It May Concern:

Any capitalized term used herein without definition shall have the meaning ascribed to
such term in the Lease.  By letter dated December 9, 2016 (the **"Repair Notice"**; a copy of
which Repair Notice is enclosed for your convenience) the Landlord advised Tenant that,
pursuant to Section 8 of the Lease, the Tenant was required (at the Tenant's cost and expense) to
make certain repairs and perform certain upkeep with respect to the Premises and Improvements,
all as more particularly set forth in the Repair Notice.  Unfortunately, as of today's date, the vast
majority of the items delineated in the Repair Notice have not been corrected.  Attached hereto
as Exhibit A is a list of the items that remain uncorrected (hereinafter, collectively, the **"Tenant
Repairs"**).  To the extent any of the items in Exhibit A have been addressed, please provide
supporting documentation evidencing such correction.

Pursuant to Section 15(b) of the Lease, this letter serve as notice to the Tenant that the
failure to complete the Tenant Repairs constitutes a default under the Lease.  Consistent with the
provisions of Section 16(f) of the Lease, the Tenant has until Thursday, June 15, 2017 to
commence the cure of such Tenant Repairs and thereafter diligently complete the same.  Should
Tenant fail to commence the cure of the Tenant Repairs by such date, and thereafter diligently
Alliant Techsystems, Inc. complete the same, pursuant to the provisions of Section 16(f) of the

# EXHIBIT D

Attn: Real Estate Department
June 5, 2017
Page Two


Lease, the Landlord shall promptly cause the same to be completed and will bill the Tenant for all such work.

Please contact me at the number listed above and advise how you wish to proceed.


Sincerely,


Jared P. Stile, CPA
Executive Vice President


cc:     Keith Ross, Esq. (via Overnight Certified Mail)
        Edward Kolesaric (via e-mail)
        Michael Swanenburg, Esq. (via e-mail)
        JD Dulaney (via e-mail)

**Exhibit A**
[List of Tenant Repairs]

- **Elevators:**
  - There appeared to be only one elevator working and it had a longer than usual pause before it engaged;
  - The elevator mechanical room sounded abnormally loud; and
  - There were a number of lights out in the elevator.
    - Actions Required:
      - Replace all lights in the elevator cabs that are out; and
      - Have a qualified Otis elevator technician perform a detailed inspection of the two elevators and mechanical room, and make all necessary repairs.

- **Backup Generator:**
  - With the building being unoccupied for quite some time, I do not suspect the generator has been tested as regularly as it should be.
    - Actions Required
      - Please provide a 2 year history of when the generator was tested and the results thereof; and
      - Please schedule a test of the generator to ensure it is in good working condition, and make any necessary repairs.

- **HVAC System:**
  - With the building being unoccupied for quite some time, I suspect the systems have been running intermittently.
    - Actions Required:
      - Please have a qualified technician inspect the HVAC system and make any necessary repairs.
  - There was an abundant presence of both live and dead wasps/bees throughout the building.
    - Actions Required:
      - Please have a qualified exterminator inspect and remove the wasp/bees nests, and spray as necessary.

- **Exterior/Premises:**
  - Water leaking from the building suggests a leak in the water main.
    - Actions Required:
      - Please work with the City of Norfolk and qualified plumbing professionals to identify and repair the damaged pipe.
  - Flags on the flag pole are tattered.
    - Actions Required:
      - Please remove (or replace) the flags and properly dispose the tattered flags.

- o   Parking lights appear to be falling off of the light poles.
  - ▪   Actions Required:
    - •   Please have a qualified electrician inspect, replace and/or repair the broken lights; and
    - •   Please have a qualified electrician inspect, replace and/or repair the existing lights to ensure they are securely fastened.
- o   Parking lot drainage showed signs of clogging.
  - ▪   Actions Required:
    - •   Please have the drains inspected and cleaned as necessary.

# TOWNSEND COMMANDER PARKWAY, LLC
11311 McCormick Road · Suite 470 · Hunt Valley, Maryland 21031 · (410) 321-1900 · Fax (410) 321-1901

December 9, 2016

BY FEDERAL EXPRESS

Alliant Techsystems, Inc.
Attn: Real Estate Department
7480 Flying Cloud Drive
Minneapolis, MN 55344-3720

Re:    Lease dated March 1, 2006 between Blackhawk Real-Estate Holdings LLC, n/k/a Noell Real-Estate Holdings, LLC, as landlord, whose interest was assigned to, and assumed by, Townsend Commander Parkway, LLC (the "Landlord") on May 29, 2012, and Blackhawk Industries Product Group Unlimited, LLC, as tenant, whose interest was, by Lease Amendment and Assumption Agreement dated August 1, 2011 and effective April 7, 2010, assigned to, and assumed by, Alliant Techsystems Inc. (the "Tenant"), as the same was amended by a Second Lease Amendment dated January 16, 2012 with respect to the premises commonly known as 6160 Commander Parkway, Norfolk, Virginia (the "Premises") (as so amended, the "Lease")

To Whom It May Concern,

    Pursuant to past conversations and correspondence with various Tenant personnel, I am aware the Tenant has vacated the Premises and has not had operations in the building located on such Premises for many months. As a result, there are a number of repair and maintenance items that came to my attention during a recent visit to the Premises that need immediate attention.

These items are:

- Elevators:
    - There appeared to be only one elevator working and it had a longer than usual pause before it engaged;
    - The elevator mechanical room sounded abnormally loud; and
    - There were a number of lights out in the elevator.
        - Actions Required:
            - Replace all lights in the elevator cabs that are out; and
            - Have a qualified Otis elevator technician perform a detailed inspection of the two elevators and mechanical room, and make all necessary repairs.

Alliant Techsystems, Inc.
Attn: Real Estate Department
December 9, 2016
Page 2

- **Backup Generator:**
  - With the building being unoccupied for quite some time, I do not suspect the generator has been tested as regularly as it should be.
    - Actions Required
      - Please provide a 2-year history of when the generator was tested and the results thereof; and
      - Please schedule a test of the generator to ensure it is in good working condition, and make any necessary repairs.
- **HVAC System:**
  - With the building being unoccupied for quite some time, I suspect the systems have been running intermittently.
    - Actions Required:
      - Please have a qualified technician inspect the HVAC system and make any necessary repairs.
  - There was an abundant presence of both live and dead wasps/bees throughout the building.
    - Actions Required:
      - Please have a qualified exterminator inspect and remove the wasp/bees nests, and spray as necessary.
- **Exterior/Premises:**
  - Water leaking from the building suggests a leak in the water main.
    - Actions Required:
      - Please work with the City of Norfolk and qualified plumbing professionals to identify and repair the damaged pipe.
  - Flags on the flag pole are tattered.
    - Actions Required:
      - Please remove (or replace) the flags and properly dispose the tattered flags.
  - Parking lights appear to be falling off of the light poles.
    - Actions Required:
      - Please have a qualified electrician inspect, replace and/or repair the broken lights; and
      - Please have a qualified electrician inspect, replace and/or repair the existing lights to ensure they are securely fastened.
  - Parking lot drainage showed signs of clogging.
    - Actions Required:
      - Please have the drains inspected and cleaned as necessary.
  - Existing signage on the building.
    - Actions Required:
      - Please submit a plan for removing the signage (include timing and making necessary repairs).

Alliant Techsystems, Inc.
Attn: Real Estate Department
December 9, 2016
Page 3

In accordance with Section 8 of the Lease (Maintenance and Repair of Premises), these items are the responsibility of the Tenant and Landlord is requesting the Tenant address the issues listed above and provide Landlord a written report upon completion. Thank you for attention to this matter and please contact me should you have any questions.

Sincerely,

Jared P. Stile, CPA
Executive Vice President

/jps

CC:   Keith Ross, Esq. (via overnight mail)
Edward Kolesaric (via e-mail)
Michael Swanenburg, Esq. (via e-mail)

# Townsend Commander Parkway, LLC

11311 McCormick Road · Suite 470 · Hunt Valley, Maryland 21031 · (410) 321-1900 · Fax (410) 321-1901

August 2, 2017

**VIA OVERNIGHT CERTIFIED MAIL**

Alliant Techsystems, Inc.
Attn: Real Estate Department
7480 Flying Cloud Drive
Minneapolis, MN 55344-3720

Re:   Lease dated March 1, 2006 between Blackhawk Real-Estate Holdings LLC, n/k/a Noell Real-Estate Holdings, LLC, as landlord, whose interest was assigned to, and assumed by, Townsend Commander Parkway, LLC (the "**Landlord**") on May 29, 2012, and Blackhawk Industries Product Group Unlimited, LLC, as tenant, whose interest was, by Lease Amendment and Assumption Agreement dated August 1, 2011 and effective April 7, 2010, assigned to, and assumed by, Alliant Techsystems Inc. (the "**Tenant**"), as the same was amended by a Second Lease Amendment dated January 16, 2012 with respect to the premises commonly known as 6160 Commander Parkway, Norfolk, Virginia (the "**Premises**") (as so amended, the "**Lease**")

*LEASE EXPIRATION REPAIRS*

To Whom It May Concern:

Any capitalized term used herein without definition shall have the meaning ascribed to such term in the Lease. Pursuant to Section 8 of the Lease, the Tenant is required (at the Tenant's cost and expense) to maintain and repair the Premises and Improvements. Pursuant to the letter dated December 9, 2016 (the "Repair Notice") and the two letters dated June 5, 2017 ("Notice to Make Repairs" and "Default Notice"), collectively the "Notices" (copies of which are enclosed), the Tenant was notified of a number of items that were in need of repair.

Upon the final walkthrough of the Premises on July 31, 2017, which coincided with the Lease expiration, there were a number of items on the Notices that were not corrected and a few new items were also discovered that are in need of immediate repair.

Set forth below, please find a listing of those items at the Premises that were identified in the Notices that have not been corrected:

# EXHIBIT E

Alliant Techsystems, Inc.
Attn: Real Estate Department
August 2, 2017
Page Two

- Premises
  o Overgrown landscaping remains on the Premises
- Wasp Nests
  o An abundant amount of wasps/bees nests still exist on the building and are penetrating the interior of the building
- Parking lot lights
  o Numerous parking lot lights have fallen off the poles and need to be replaced
- Elevators
  o Please provide the most recent inspection report
  o Depending on the outcome of the report, additional work may need to be performed
- Backup Generator
  o Please provide the most recent inspection report
  o Depending on the outcome of the report, additional work may need to be performed
- HVAC System
  o Please provide the most recent inspection report .
  o Depending on the outcome of the report, additional work may need to be performed

In addition to the items above, the following items were discovered during the final inspection of the property, and are in need of repair:

- Removal of the large concrete sidewalk slabs that appear to be from the repair of the water main leak;
- Properly seal and repaint the façade where the signage was removed;
- Properly inspect and restore the irrigation that services the grounds of the Premises;
- Replace all the light bulbs that are out;
- Using a certified inspector, inspect the water damage behind the vinyl wall covering and properly remediate the mold if present;
- Repaint all areas where water damage is present;
- Clean the copper backdrop in the lobby from the water leakage that stemmed from the ceiling above;
- Replace all ceiling tiles that are stained with water damage;
- Inspect and repaint (at a minimum) the structural trusses that appear on top of the roof; and
- Have the elevator property inspected and certified by the City of Norfolk.

Since the Lease has officially expired, Landlord will cause all of the outstanding items above to be fixed or repaired in order to minimize liability issues and to repair these items in an acceptable and expedited manner. The cost of these repairs will be reimbursed from the security

Alliant Techsystems, Inc.
Attn: Real Estate Department
August 2, 2017
Page Three

deposit maintained by the Landlord, and any excess funds that remain will be promptly returned to the Tenant. To the extent the deposit is not sufficient to cover the cost of these repairs, we will bill you for any deficiency.

Please contact me directly should you have any questions.

Sincerely,

Jared P. Stile, CPA
Executive Vice President

Enclosures

cc:     Keith Ross, Esq. (via Federal Express and Certified Mail)
        Jennifer Anderson (via Federal Express and Certified Mail)
        Edward Kolesaric (via e-mail)
        Michael Swanenburg, Esq. (via e-mail)
        JD Dulaney (via e-mail)

# Townsend Commander Parkway, LLC

230 Schilling Circle · Suite 120 · Hunt Valley, Maryland 21031 · (410) 321-1900 · Fax (410) 321-1901

October 11, 2019

**VIA CERTIFIED MAIL AND**
**E-MAIL (Jennifer.Anderson@VistaOutdoor.com)**

Alliant Techsystems, Inc.
Attn: Jennifer Anderson
7480 Flying Cloud Drive
Minneapolis, MN 55344-3720

Re:   Lease dated March 1, 2006 between Blackhawk Real-Estate Holdings LLC, n/k/a Noell Real-Estate Holdings, LLC, as landlord, whose interest was assigned to, and assumed by, Townsend Commander Parkway, LLC (the **"Landlord"**) on May 29, 2012, and Blackhawk Industries Product Group Unlimited, LLC, as tenant, whose interest was, by Lease Amendment and Assumption Agreement dated August 1, 2011 and effective April 7, 2010, assigned to, and assumed by, Alliant Techsystems Inc. (the **"Tenant"**), as the same was amended by a Second Lease Amendment dated January 16, 2012 with respect to the premises commonly known as 6160 Commander Parkway, Norfolk, Virginia (the **"Premises"**) (as so amended, the **"Lease"**)

*REIMBURSEMENT OF REPAIR COSTS*

Dear Ms. Anderson:

As described in my previous correspondence and most recent letter dated March 13, 2019 (a copy of which letter is enclosed for your convenience), there were a number of deferred maintenance items and repairs that the Tenant failed to address before vacating the Premises. These items have subsequently been addressed by the Landlord.

As detailed on the enclosed spreadsheet and accompanied by the invoices verifying such amounts, to date, the Landlord has expended $367,230.19 to address the deferred maintenance items and repairs that were the responsibility of the Tenant.

Additionally, the Landlord has judiciously (and as efficiently as possible) attempted to address all outstanding items, including a water leakage issue, while being cognizant of the overall cost. The repair of the façade causing the water leakage has now been completed and in accordance with the terms of the Lease, the total cost and expense for such repair is the responsibility of the Tenant.

# EXHIBIT F

Alliant Techsystems, Inc.
Attn: Jennifer Anderson
October 11, 2019
Page Two (2)


      Accordingly, after deducting the amount of the Tenant's security deposit, as of this date, the Tenant owes Landlord $317,230.19.  Pursuant to Section 16(f) of the Lease, this letter serves as notice to Tenant to promptly remit payment in full for the amount due.

      Thank you for your prompt attention to this matter.


                    Sincerely,

                    Jared P. Stile, CPA
                    Executive Vice President


Enclosures

cc:    Keith Ross, Esq. (via Certified Mail)
       Ronald Gart, Esq. (via e-mail)
       Edward Kolesaric (via e-mail)
       JD Dulaney (via e-mail)
       Michael Swanenburg, Esq. (via e-mail)

# Townsend Commander Parkway, LLC

11311 McCormick Road · Suite 470 · Hunt Valley, Maryland  21031 · (410) 321-1900 · Fax (410) 321-1901

March 13, 2019

**VIA CERTIFIED MAIL AND**
**E-MAIL (Jennifer.Anderson@VistaOutdoor.com)**

Alliant Techsystems, Inc.
Attn: Jennifer Anderson
7480 Flying Cloud Drive
Minneapolis, MN 55344-3720

Re:   Lease dated March 1, 2006 between Blackhawk Real-Estate Holdings LLC, n/k/a Noell Real-Estate Holdings, LLC, as landlord, whose interest was assigned to, and assumed by, Townsend Commander Parkway, LLC (the "**Landlord**") on May 29, 2012, and Blackhawk Industries Product Group Unlimited, LLC, as tenant, whose interest was, by Lease Amendment and Assumption Agreement dated August 1, 2011 and effective April 7, 2010, assigned to, and assumed by, Alliant Techsystems Inc. (the "**Tenant**"), as the same was amended by a Second Lease Amendment dated January 16, 2012 with respect to the premises commonly known as 6160 Commander Parkway, Norfolk, Virginia (the "**Premises**") (as so amended, the "**Lease**")

*REIMBURSEMENT OF REPAIR COSTS*

Dear Ms. Anderson:

As described in my letter dated September 28, 2018 (a copy of which letter is enclosed for your convenience) there were a number of deferred maintenance items that the Tenant failed to address before vacating the Premises.  These items have subsequently been addressed by the Landlord.

As detailed on the enclosed spreadsheet and accompanied by the invoices verifying such amounts, to date, the Landlord has expended $123,494.91 to address the deferred maintenance items that were the responsibility of the Tenant. Additionally, the following deferred maintenance items must still be repaired (the cost of which is the responsibility of the Tenant):

(1)   Clean/repaint the copper backdrop in the lobby from the leakage that stemmed from the ceiling above;

Alliant Techsystems, Inc.
Attn: Jennifer Anderson
March 13, 2019
Page Two (2)

(2)     Repair and repaint the ceiling lobby from the water damage that stemmed from the
        faulty water pressure boost system;

(3)     Properly seal and repaint the façade where the signage was removed;

(4)     Install new drywall where the mold covered drywall was removed; and

(5)     Inspect and repaint (at a minimum) the structural trusses that appear on top of the
        roof.

Additionally, the Landlord has judiciously (and as efficiently as possible) attempted to
address all outstanding items, including a water leakage issue, while being cognizant of the overall
cost. The repair of the façade causing the water leakage remains in progress and the total cost and
expense for such repair (when completed) is the responsibility of the Tenant.

Accordingly, after deducting the amount of the Tenant's security deposit, as of this date,
the Tenant owes Landlord $73,494.91. Pursuant to Section 16(f) of the Lease, this letter serves as
notice to Tenant to remit payment in full for the amounts now due. Once the other items set forth
above are repaired, Landlord will generate a separate invoice to cover such costs.

Thank you for your prompt attention to this matter.

Sincerely,

Jared P. Stile, CPA
Executive Vice President


Enclosures


cc:     Keith Ross, Esq. (via Certified Mail)
        Edward Kolesaric (via e-mail)
        JD Dulaney (via e-mail)
        Michael Swanenburg, Esq. (via e-mail)

Townsend Commerce Parkway, LLC
Deferred Maintenance & Repair Costs

| Date | Vendor | Cost | Description |
|---|---|---|---|
| 08/30/17 | Nickols Tree care | $5,250.00 | General cleanup of property; remove large dead limbs, elevate trees to approximately 10' where possible, prune trees away from lights, cut vines and prune encroaching woods. |
| 09/01/17 | Town Scapes | $316.00 | Irrigation system check and minor repairs. |
| 08/31/17 | City Lights | $744.55 | Replacement of burnt out lights |
| 08/31/17 | CBRE | $3,060.00 | Replaced lights, coordinated contractor work, replaced ceiling tiles, etc. |
| 09/30/17 | Zoo Pro, Inc. | $929.00 | Clean up and removal of bird feces on balcony |
| 10/20/17 | Caligari Gerloff | $1,115.92 | VWC removal, mold treatment and KILZ application on the 1st floor. |
| 09/30/17 | CBRE | $2,712.00 | Vacuumed all 4 floors of dead wasps, cleaned all debris from building, removed ATK signage, cleaned grounds of trash and dumpster |
| 10/23/19 | Pro Window Inc. | $6,650.00 | Inspection of water testing |
| 10/31/17 | CBRE | $1,632.00 | Replacing ceiling tile, meeting vendors (parking lights, painting, carpet, etc.), removal of trash left behind from Vista |
| 11/30/17 | G Hogan | $275.00 | Cleaning of stained carpet |
| 11/16/17 | Caligari Gerloff | $1,084.50 | VWC removal, mold treatment and KILZ application on upper floors. |
| 11/20/17 | Healthy Environment | $535.00 | Moisture testing |
| 12/30/17 | IES | $12,520.00 | Vista's portion of $36,000 for the replacement of missing parking lot lights |
| 03/23/18 | Atlantic Environmental Co. | $6,354.00 | Mold remediation from 1st floor |
| 04/03/18 | Valcourt Exterior Building Services | $2,740.00 | Leak investigation and water testing of frontage stone |
| 03/14/18 | Valcourt Exterior Building Services | $730.00 | Removal of wasp nests |
| July–October | Valcourt Exterior Building Services | $74,380.00 | Removal of stone around windows, apply new flashing, water testing, replace stone (Right side of main entrance) |
| | CBRE Property Management | $3,596.94 | 3% of total costs (embedded in the monthly expense) of property manager's time not billed separately |
| 12/6/19-12/14/19 | Covington Hendrix Anderson Architects | $926.25 | Architectural Fees/Schematic Design |
| 12/17/2018 - 1/2/2019 | Covington Hendrix Anderson Architects | $682.50 | Architectural Fees/Schematic Design |
| 1/19/2019 - 1/30/2019 | Covington Hendrix Anderson Architects | $536.25 | Architectural Fees/Schematic Design |
| 2/7/2019 - 3/12/2019 | Covington Hendrix Anderson Architects | $1,215.75 | Architectural Fees/Schematic Design |
| 3/13/2019 | Heitman & Associates | $4,160.00 | Building Enclosure Consultants |
| 3/20/2019 - 3/29/2019 | Covington Hendrix Anderson Architects | $1,350.00 | Architectural Fees/Construction Documents |
| 4/1/2019 - 4/11/2019 | Covington Hendrix Anderson Architects | $1,023.75 | Architectural Fees/Construction Documents |
| 03/11/2019 - 4/19/2019 | Heitman & Associates | $250.00 | Building Enclosure Consultants |
| 4/26/2019 | Covington Hendrix Anderson Architects | $97.50 | Architectural Fees/Construction Documents |
| 3/6/2019 - 3/14/2019 | Covington Hendrix Anderson Architects | $731.25 | Architectural Fees/Construction Administration |
| 4/22/2019 - 5/17/2019 | Heitman & Associates | $3,910.50 | Building Enclosure Consultants |
| 5/17/2019 | Heitman & Associates | $650.22 | Building Enclosure Consultants |
| 5/30/2019 - 6/12/2019 | Covington Hendrix Anderson Architects | $341.25 | Architectural Fees/Construction Administration |
| 5/21/2019 - 6/21/2019 | Heitman & Associates | $4,137.00 | Building Enclosure Consultants |
| 6/1/2019 | Taylor Construction | $178,475.00 | Original Contract |
| 06/24/2019 | Taylor Construction | $24,781.00 | Change Order #1 |
| 07/15/2019 | Taylor Construction | $10,470.90 | Change Order #2 |
| 6/30/2019 | Heitman & Associates | $755.46 | Building Enclosure Consultants |
| 6/21/2019-7/10/2019 | Covington Hendrix Anderson Architects | $1,121.25 | Architectural Fees/Construction Administration |
| 6/28/2019 - 7/19/2019 | Heitman & Associates | $1,515.00 | Building Enclosure Consultants |
| 7/19/2019 - 8/12/2019 | Covington Hendrix Anderson Architects | $828.75 | Architectural Fees/Construction Administration |
| 8/20/2019 | Covington Hendrix Anderson Architects | $97.50 | Architectural Fees/Construction Administration |
| 7/25/2019 - 8/20/2019 | Heitman & Associates | $3,372.00 | Building Enclosure Consultants |
| 10/10/2019 | Taylor Construction | $2,092.20 | Balance due on painting of stained copper panels |
| | | $367,230.19 | |
| Less Security Deposit | | ($50,000.00) | |
| | | $317,230.19 | |



# NUCKOLS
## TREE CARE

*The loving care your trees deserve*

400 Putnam Road
Virginia Beach, VA 23462
(757) 499-1143

INVOICE TO
CB Richard Ellis
150 W. Main St.
Norfolk, VA 23510

DATE 09/06/2017
INVOICE NO 5296
TERMS Due on receipt
JOB LOCATION 6160 Commander Pkwy
PO NUMBER

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 08/30/2017 | General cleanup of property; remove large dead limbs, elevate trees to approximately 10' where possible, prune trees away from lights, cut vines and prune encroaching woods. | $5,250.00 |

Thank you for your business!

We appreciate the referrals of your family and friends!

| | | |
|---|---|---|
| TOTAL | | $5,250.00 |
| DEPOSIT | | |
| BALANCE DUE | | $5,250.00 |

*Serving Hampton Roads for over 25 years*

nuckolstreecare@gmail.com                    www.nuckolstreecare.com

# Invoice



**TOWN SCAPES**
FULL SERVICE LANDSCAPING

P.O. Box 9811
Virginia Beach, VA 23450

Commander Parkway Building
Marge Collini
11311 McCormick Road, Ste.# 470
Hunt Valley, MD 21031

| Date | Invoice No. |
|------|-------------|
| 09/01/2017 | 7953 |

| Terms | Due Date |
|-------|----------|
| Net 30 | 10/01/2017 |

| Description | Amount |
|-------------|--------|
| Landscape Maintenance Services for 6160 Commander Parkway Building for September 2017 | 759.00 |
| Landscape Maintenance Services for 6160 Commander Parkway Building for August 2017 | 759.00 |
| Irrigation system check and minor repairs as per Julie | 316.00 |

Thank you for your business. If you have any questions, contact us at 757-502-7724, FAX 757-226-9471.

| Total: | $1,834.00 |
|--------|-----------|

Please Remit Payment To:
Town Scapes
P.O. Box 9811
Virginia Beach, VA, 23450

**Invoice**

CB RICHARD ELLIS BUILDING SERVICES
OF VIRGINIA INC.
150 WEST MAIN ST #1100
Norfolk, VA 23510

Date: 08/31/2017
Invoice No: 194251

Commander Corporate Center
Townsend Commander Parkway, LLC
11311 McCormick Rd., Ste 470
Attn: Jared P Stile, CPA, Exec. VP
Hunt Valley, MD 21031

Reference:   t0017717 Commander Corporate Center          Make checks payable to:   CBRE Building Services of VA, Inc.

| Description | Date | Amount |
|---|---|---|
| AUGUST LABOR HOURS BASED ON CLOSED TICKETS | 08/31/2017 | 3,060.00 |
| CITY LIGHTS INVOICE #97202 (8/17/17) | 08/31/2017 | 272.16 |
| CITY LIGHTS INVOICE #97211 (8/18/17) | 08/31/2017 | 190.80 |
| CITY LIGHTS INVOICE #97212 (8/18/17) | 08/31/2017 | 120.31 |
| CITY LIGHTS INVOICE #97339 (8/29/17) | 08/31/2017 | 161.28 |
| LOWES INVOICE #911687 (8/11/17) | 08/31/2017 | 32.63 |
| THOMAS - HVAC PARTS | 08/31/2017 | 28.59 |

With questions please contact Debbie Musante at (757) 490-3300

| | Total Invoice | 3,865.77 |

**CITY LIGHTS & SUPPLY CO., INC.**

5037 CLEVELAND STREET
VIRGINIA BEACH, VA, 23462

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/17/2017 | 97202 |

**Bill To**

CB RICHARD ELLIS
150 WEST MAIN STREET
SUITE 1100
NORFOLK, VA  23510

**Ship To**

6160 Commander Parkway
Blackhawn

| P.O. No. | Terms | | Rep | Ship | Ship Via | | FOB | Project |
|----------|-------|---|-----|------|----------|---|-----|---------|
| | Net 30 | | TT | 8/17/2017 | | | | |

| Qty | Item | Description | Rate | Amount |
|-----|------|-------------|------|--------|
| 10 | PL32T/E/41 | PL32T/E/41 | 6.95 | 69.50T |
| 5 | F96T8/850 | F96T8/850 | 8.95 | 44.75T |
| 25 | F17T8/835 | F17T8/835 | 3.75 | 93.75T |
| 25 | 109402 | 109402 | 1.95 | 48.75T |
| | | F32T8/841 | | |
| | | Sales Tax | 6.00% | 15.41 |

| Phone # | Fax # | E-mail | **Total** |
|---------|-------|--------|-----------|
| 757-499-4252 | 757-499-2902 | pat@citylightsva.com | |

$272.16.

CITY LIGHTS & SUPPLY CO., INC.

5037 CLEVELAND STREET
VIRGINIA BEACH, VA, 23462

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/18/2017 | 97211 |

| Bill To |
|---------|
| CB RICHARD ELLIS<br>150 WEST MAIN STREET<br>SUITE 1100<br>NORFOLK, VA 23510 |

| Ship To |
|---------|
| 6160 Commander Dr. |



| P.O. No. | Terms |
|----------|-------|
| 6160-Rick M | Net 30 |

| Rep | Ship | Ship Via |
|-----|------|----------|
| TT | 8/18/2017 | |

| FOB | Project |
|-----|---------|
| | |

| Qty | Item | Description | Rate | Amount |
|-----|------|-------------|------|--------|
| 18 | S9597 | 9A19/LED/5000K/120V/4PK | 10.00 | 180.00T |
| | | Sales Tax | 6.00% | 10.80 |

| Phone # | Fax # | E-mail |
|---------|-------|--------|
| 757-499-4252 | 757-499-2902 | pat@citylightsva.com |

**Total** $190.80

*CITY LIGHTS & SUPPLY CO., INC.*
5037 CLEVELAND STREET
VIRGINIA BEACH, VA, 23462

**Invoice**

| Date | Invoice # |
|------|-----------|
| 8/18/2017 | 97212 |

| Bill To |
|---------|
| CB RICHARD ELLIS |
| 150 WEST MAIN STREET |
| SUITE 1100 |
| NORFOLK, VA  23510 |

| Ship To |
|---------|
| 6160 COMMANDER DR |

| P.O. No. | Terms |
|----------|-------|
| 6160-Rick M | Net 30 |

| Rep | Ship | Ship Via |
|-----|------|----------|
| TT | 8/18/2017 | |

| FOB | Project |
|-----|---------|
| | |

| Qty | Item | Description | Rate | Amount |
|-----|------|-------------|------|--------|
| 30 | 109400 | 109400 | 2.75 | 82.50T |
| | | F32T8/835/ECO | | |
| 2 | KTEB-232-UV-IS-N-P... | KTEB-232-UV-IS-N-P-DP | 15.50 | 31.00T |
| | | 2xF32T8,  88BF, 120-277V, Instant Start, Electronic | | |
| | | Sales Tax | 6.00% | 6.81 |

| Phone # | Fax # | E-mail | **Total** |
|---------|-------|--------|-----------|
| 757-499-4252 | 757-499-2902 | pat@citylightsva.com | |

$120.31

**CITY LIGHTS & SUPPLY CO., INC.**

5037 CLEVELAND STREET
VIRGINIA BEACH, VA, 23462

## Invoice

| Date | Invoice # |
|------|-----------|
| 8/29/2017 | 97339 |

| Bill To |
|---------|
| CB RICHARD ELLIS<br>150 WEST MAIN STREET<br>SUITE 1100<br>NORFOLK, VA, 23510 |

| Ship To |
|---------|
|  |



| P.O. No. | Terms | | Rep | Ship | Ship Via | | FOB | | Project |
|----------|-------|--|-----|------|----------|--|-----|--|---------|
| 6160 Comman... | Net 30 | | TT | 8/29/2017 | | | | | |

| Qty | Item | Description | Rate | Amount |
|-----|------|-------------|------|--------|
| 17 | 109030 | 109030<br>PL32T/E/41/ECO<br>Signed by Rick | 8.95 | 152.15T |
| | | Sales Tax | 6.00% | 9.13 |

| Phone # | Fax # | E-mail | Total |
|---------|-------|--------|-------|
| 757-499-4252 | 757-499-2902 | pat@citylightsva.com | |

$161.28

9/2/2017                    CBRE Service Tracker - Technician Time Data Report                    +1717

                                                                                                 CCC

## Technician Time Data Report

Returns time (regular and after hours) and mileage logged against each Ticket. Only tickets with miles or time entered between the selected Start and End Dates are returned. Tickets will be further filtered if a Facility or Tech/Lead Tech are selected. Results are grouped by Office, Facility, and Ticket.

Date/times converted to your preferred timezone: *US/Eastern.*

| Start Date | End Date | Facility |
|---|---|---|
| 8/1/2017 | 8/31/2017 | Commander Corp Cen |

**Tech / Lead Tech**

Select an Option                                    ☑ **Include Notes?**

**Office: Hampton Roads**

| Facility: | | Technician | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | | 8/10/17   CB ORF Rick Mullinax | 2 hrs 0 mins | 0 mins |
| **Tenant** | | Technician | | Mileage |
| (none) | | 8/10/17   CB ORF Rick Mullinax | | 7 mi |

Ticket #1257195 (/tickets/1257195)

Met with Bay Irrigation on site to Locate backflow

Notes:
 ▫ met Bay on site did not fined water source to irrigation look for pumping station or other backflow

| Facility: | | Technician | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | | 8/10/17   CB ORF Brian D. Smith | 1 hrs 0 mins | 0 mins |
| **Tenant** | | Technician | | Mileage |
| (none) | | 8/10/17   CB ORF Brian D. Smith | | 13 mi |

Ticket #1257226 (/tickets/1257226)

8/4/17: roll to get vendor info and check building.

Notes:
 ▫ *8/4/17: roll to get vendor info and check building.*

9/2/2017                                    CBRE Service Tracker - Technician Time Data Report

**Facility:**

| | Technician | Time | After Hours |
|---|---|---|---|
Commander Corp Cen

| | 8/11/17 | CB ORF Rick Mullinax | 3 hrs 0 mins | 0 mins |

**Tenant**

| | Technician | | Mileage |
|---|---|---|---|
(none)

| | 8/11/17 | CB ORF Rick Mullinax | | 14 mi |

Ticket #1257802 (/tickets/1257802)

Met with John and Carter mech and
Driskill elect on site 8/11/17

Notes:
- Generator work with vendors picked up supply for lock box and wasp sray from Lowes

**Facility:**

| | Technician | Time | After Hours |
|---|---|---|---|
Commander Corp Cen

| | 8/25/17 | CB ORF Rick Mullinax | 14 hrs 0 mins | 0 mins |

**Tenant**

| | Technician | | Mileage |
|---|---|---|---|
(none)

| | 8/25/17 | CB ORF Rick Mullinax | | 65 mi |

Ticket #1259268 (/tickets/1259268)

Please replace stained tiles through
out and replace burnt bulbs . TX JA

Notes:
- Replaced lights first and second floor replaced ceiling tiles. picked up supplies from City lights and meet with Vendors and PM week 8/21 thru 8/25/17

**Facility:**

| | Technician | Time | After Hours |
|---|---|---|---|
Commander Corp Cen

| | 8/21/17 | CB ORF Rick Mullinax | 17 hrs 30 mins | 0 mins |

**Tenant**

| | Technician | | Mileage |
|---|---|---|---|
(none)

| | 8/21/17 | CB ORF Rick Mullinax | | 89 mi |

Ticket #1261898 (/tickets/1261898)

Met Property Manager and vendors
on site work in building 8/14 thru
8/18/17

Notes:
- met Vendors PM on site picked up supply's from City Lights replaced lights in frist floor replaced ceiling tiles in gym from leak 8/14 thru 8/18/17

**Facility:**

| | Technician | Time | After Hours |
|---|---|---|---|
Commander Corp Cen

| | 8/25/17 | CB ORF Rick Mullinax | 30 mins | 0 mins |

**Tenant**

| | Technician | | Mileage |
|---|---|---|---|
(none)

| | 8/25/17 | CB ORF Rick Mullinax | | 1 mi |

Ticket #1262509 (/tickets/1262509)

please count the site light poles
and tell me # without fixtures and
# with fixtures for total count.
entrance to entrance. TX JA

Notes:
- Checked light poles and called Julie with count

9/2/2017                                    CBRE Service Tracker - Technician Time Data Report

**Facility:**

Commander Corp Cen

| | Technician | | Time | After Hours |
|---|---|---|---|---|
| Tenant | | | | |
| (none) | 8/24/17 | CB ORF John Thomas | 9 hrs 15 mins | 0 mins |
| | Technician | | | Mileage |
| | 8/24/17 | CB ORF John Thomas | | 130 mi |

Ticket #1263618 (/tickets/1263618)

Site visits 8/1 thru 24/17 to coordinate contractor work, put HVAC system into setback mode, set up new access cards, work with p m on various items

Notes:
- completed per description

**Facility:**

Commander Corp Cen

| | Technician | | Time | After Hours |
|---|---|---|---|---|
| Tenant | | | | |
| (none) | 8/30/17 | CB ORF Rick Mullinax | 14 hrs 0 mins | 0 mins |
| | Technician | | | Mileage |
| | 8/30/17 | CB ORF Rick Mullinax | | 34 mi |

Ticket #1266149 (/tickets/1266149)

Building and grounds Replaced lights and ceiling tiles Week 8/28 thru 8/30

Notes:
- Replaced lights, ceiling tiles,picked up supply's, from City Lights Removed trash worked with Vendor and PM on site week of 8/28 thru 8/30/17

| **Facility Subtotal** | Time | After Hours | Mileage |
|---|---|---|---|
| | 61 hrs 15 mins | 0 mins | 353 mi |

## Report Totals

| | |
|---|---|
| Offices Included | 1 |
| Facilities Included | 1 |
| Tickets Assigned w/ Miles or Time | 8 |
| Total Time (Normal Hours only) | 61 hrs 15 mins |
| Total Time (After Hours only) | 0 mins |
| Total Time (Normal & After Hours) | 61 hrs 15 mins |
| Total Mileage | 353 mi |

$3,060

61.25
-13.00 BILLED
48.25
x 1.20
50.75 808

8/2/2017                                    CBRE Service Tracker – Technician Time Data Report

## Technician Time Data Report

Returns time (regular and after hours) and mileage logged against each Ticket. Only tickets with miles or time entered between the selected Start and End Dates are returned. Tickets will be further filtered if a Facility or Tech/Lead Tech are selected. Results are grouped by Office, Facility, and Ticket.

Date/times converted to your preferred timezone: **US/Eastern**.

| Start Date | | End Date | | Facility |
|---|---|---|---|---|
| 8/1/2017 | 📅 | 8/31/2017 | 📅 | CBRE Bldg. Svcs. - Rick Mullinax |

**Tech / Lead Tech**

Select an Option                                        ✔  **Include Notes?**

---

### Office: Hampton Roads

| Facility: | | Technician | Time | After Hours |
|---|---|---|---|---|
| CBRE Bldg. Svcs. - Rick Mullinax | | 8/4/17   CB ORF Rick Mullinax | 2 hrs 30 mins | 0 mins |

| Tenant | | Technician | | Mileage |
|---|---|---|---|---|
| (none) | | 8/4/17   CB ORF Rick Mullinax | | 5 mi |

**Ticket #1254240** (/tickets/1254240)

Met John and Brian at Blackhawk building Commander Dr on 8/1 and 8/4/17 met Driskill Elect and va power on site for access to building

Notes:
  • Met vendors on site

| Facility Subtotal | Time | After Hours | Mileage |
|---|---|---|---|
| | 2 hrs 30 mins | 0 mins | 5 mi |

## Report Totals

| | |
|---|---|
| **Offices Included** | 1 |
| **Facilities Included** | 1 |
| **Tickets Assigned w/ Miles or Time** | 1 |
| **Total Time (Normal Hours only)** | 2 hrs 30 mins |
| **Total Time (After Hours only)** | 0 mins |
| **Total Time (Normal & After Hours)** | 2 hrs 30 mins |
| **Total Mileage** | 5 mi |

**13167**

ZOO **PRO, INC.**
Humane Wildlife Rescue & Removal

| MAIN OFFICE: 757-333-3391 | Date Opened | 8/24/17 |
|---|---|---|
| PENINSULA: 757-450-3111 | Date Closed | 9/30/17 |
| Tech Name: Mike | Area | Airport |
| Tech Direct Cell: (Call or text) 831-2877 | Ladder Size: | |

| Customer Name | Phone | Contact |
|---|---|---|
| Co. Name/Contact: CBRE | | Rich |
| Address 6160 Commander Prky, Norfolk, VA | Cell 576-7022 | |
| Notes: AMV - Julie Alexander - 228-1822   23502 | Email Address: | |

| DESCRIPTION | NO. | PRICE EACH | SUBTOTAL |
|---|---|---|---|
| SERVICE CALL - Pidgeons And Feces | 1 | 79 | 929 |
| OPTION 1: TRAPPING PERIOD ONLY | | | |
| 8/24 — Approved | | | |
| OPTION 2: Option 1 + SCREEN/SEAL ENTRY HOLE(S) | | | |
| 9/5 — RTN on DeTerrnT And Soils Cleaned | | | |
| X  OPTION 3: Preventative Maintenance Option (Option 2 and Items Listed Below) | | 929 | 929 |
| Clean up Feces on Balcony And Place Bird | | | |
| DeTerrnT on Railings. Will Return To Remove DeTerrnT | | | |
| when Birds are Gone | | | |
| 9/19 — Cleaned Balcony. Will Remove Bird DeTerrnT when Rented | | | |

| Checks payable to:  ZOOPRO, Inc.  P.O. Box 62625  Virginia Beach, VA. 23466 | ☐ WMC | INVOICE TOTAL: 929 |
|---|---|---|
| ALL MAJOR CREDIT CARDS ACCEPTED (add 3% processing fee) | | DUE BY: 10-31-17 |

ZOOPRO is not responsible for stepping or falling through roof, attic floors or incidents caused by trapped or captured animals while on the premises.

1. Theft or damage to traps left on the premises is the responsibility of the payer. Any disappearance or damage that accrues will result in a replacement charge. Any interference with any trap is prohibited and has an inherent assumption of risk.
2. Guarantees offered for Option 2 and 3.
3. Late fees are applicable if invoice is not paid by due date. (Max charge $50/week postdue)

*Security Deposit*

Customer Signature          Date          Technician Signature          Date  8/24/17

Office Use Only:

| Date | Check # | Amt | CC Type# | | |
|---|---|---|---|---|---|
| | | | ZIP Code | Exp | Conf's |
| Date | | | | | |
| Action | | | | | |

 

2421 Florida Ave. Norfolk VA 23513

# INVOICE

**TO:**      **CB Richard Ellis**

**Attn.:**   **Julie Alexander**

**JOB:**     **6160 Commander Corporate**

Provide all necessary labor, materials, equipment, tools and insurance required to perform the following work:

**Week Ending 10.20.17- Wallcovering Demo, Prep & Prime:**
   Labor; 24.5 Hours:                                    $857.50
   Materials:                                             $258.42

                        **TOTAL:**                      **$1,115.92**

CALIGARI GERLOFF PAINTING, INC.                PROPOSAL BASED ON PLANS & SPECS

BY:_____            ACCEPTED:_____
Robert E. Gerloff, President                   BY:
DATE: October 23, 2017                         DATE:
                          757-216-7147 (PHONE)
                          757-216-7149 (FAX)

**Invoice**

CB RICHARD ELLIS BUILDING SERVICES
OF VIRGINIA INC.
150 WEST MAIN ST #1100
Norfolk, VA 23510

| ENTITY | 97 | INVOICE # | 197846 |
|---|---|---|---|
| VENDOR # | CBVABS | DATE | 9/30/17 |
| VENDOR | | | |
| ACCOUNT | DESCRIPTION | | AMOUNT |
| 8130 | R+M | | 2,271.96 |

Date: 09/30/2017
Invoice No: 197846

Commander Corporate Center
Townsend Commander Parkway, LLC
11311 McCormick Rd., Ste 470
Attn: Jared P Stile, CPA, Exec. VP
Hunt Valley, MD 21031

| TOTAL | 2,271.96 |
|---|---|
| POST'D BY | APRVD BY | MRG |
| DATE PAID | CHECK # |

Reference:     10017717 Commander Corporate Center          Make checks payable to:     CBRE Building Services of VA, Inc.

| Description | Date | Amount |
|---|---|---|
| CITY LIGHTS INVOICE #97418 (9/6/17) | 09/30/2017 | 75.90 |
| LOWES INVOICE #910500 (9/27/17) | 09/30/2017 | 7.54 |
| LOWES INVOICE #911383 (9/7/17) | 09/30/2017 | 24.43 |
| LOWES INVOICE #913691 (9/11/17) | 09/30/2017 | 23.15 |
| LOWES INVOICE #943111 (9/20/17) | 09/30/2017 | 30.19 |
| SEPTEMBER LABOR HOURS BASED ON CLOSED TICKETS | 09/30/2017 | 2,712.00 |
| SEPTEMBER LABOR HOURS INVOICED UPFRONT | 09/30/2017 | -601.25 |

Viista Security
Deposit

With questions please contact Debbie Musante at (767) 490-3300

| Total Invoice | 2,271.96 |
|---|---|

10/3/2017                                    CBRE Service Tracker - Technician Time Data Report

# Technician Time Data Report

Returns time (regular and after hours) and mileage logged against each Ticket. Only tickets with miles or time entered between the selected Start and End Dates are returned. Tickets will be further filtered if a Facility or Tech/Lead Tech are selected. Results are grouped by Office, Facility, and Ticket.

Date/times converted to your preferred timezone: **US/Eastern.**

| Start Date | End Date | Facility |
|---|---|---|
| 9/1/2017 | 9/30/2017 | Commander Corp Cen |

**Tech / Lead Tech**

Select an Option                                    ✓  **Include Notes?**

---

**Office: Hampton Roads**

| Facility: | | Technician | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | 9/8/17 | CB ORF Rick Mullinax | 6 hrs 0 mins | 0 mins |
| **Tenant** | | **Technician** | | **Mileage** |
| (none) | 9/8/17 | CB ORF Rick Mullinax | | 10 mi |

Ticket #1268121 (/tickets/1268121)

vacuum dead wasps from 4th floor conference center

Notes:
- Vacuumed all 4 floors for wasp bugs and debris and general clean upin building

| Facility: | | Technician | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | 9/8/17 | CB ORF Rick Mullinax | 2 hrs 30 mins | 0 mins |
| **Tenant** | | **Technician** | | **Mileage** |
| (none) | 9/8/17 | CB ORF Rick Mullinax | | 5 mi |

Ticket #1268122 (/tickets/1268122)

remove the 2 smaller ATK signs from property -

Notes:
- Pulled up and removed small signage replaced no Trespassing signs at both entrances

10/3/2017                                    CBRE Service Tracker - Technician Time Data Report

**Facility:**

Commander Corp Cen

**Tenant**

(none)

**Ticket #1270303 (/tickets/1270303)**

Building and grounds ,

| | Technician | Time | After Hours |
|---|---|---|---|
| 9/8/17 | CB ORF Rick Mullinax | 15 hrs 0 mins | 0 mins |
| | Technician | | Mileage |
| 9/8/17 | CB ORF Rick Mullinax | | 58 mi |

Notes:
- Building and grounds replaced lights ,vacuum all floors,meet with zoo pro dumpster vendor removed dumpster worked in bathrooms week of 9/4 thru 9/8/17

**Facility:**

Commander Corp Cen

**Tenant**

(none)

**Ticket #1272105 (/tickets/1272105)**

Building and grounds bathrooms

| | Technician | Time | After Hours |
|---|---|---|---|
| 9/13/17 | CB ORF Rick Mullinax | 8 hrs 0 mins | 0 mins |
| | Technician | | Mileage |
| 9/13/17 | CB ORF Rick Mullinax | | 24 mi |

Notes:
- Building and grounds meet vendors on site trash pickup checked all areas of building week of 9/11 thru 9/13/17

**Facility:**

Commander Corp Cen

**Tenant**

(none)

**Ticket #1272430 (/tickets/1272430)**

Meet Pro windows on site to drop off lift building and grounds 9/13

| | Technician | Time | After Hours |
|---|---|---|---|
| 9/13/17 | CB ORF Rick Mullinax | 2 hrs 0 mins | 0 mins |
| | Technician | | Mileage |
| 9/13/17 | CB ORF Rick Mullinax | | 5 mi |

Notes:
- Called Julie on debris on property and vendor drooped off lift and building

**Facility:**

Commander Corp Cen

**Tenant**

(none)

**Ticket #1276367 (/tickets/1276367)**

Building and grounds 9/18 thru 9/22/17

| | Technician | Time | After Hours |
|---|---|---|---|
| 9/22/17 | CB ORF Rick Mullinax | 18 hrs 30 mins | 0 mins |
| | Technician | | Mileage |
| 9/22/17 | CB ORF Rick Mullinax | | 49 mi |

Notes:
- Building and grounds ,met Zoo Pro on site for clean up fourth floor clean up,met Bay Mechanical and John Thomas on site for HVAC ,Picked up supplies from Lowes to spray weeds in parking lot and around building,removed all trash and janitorial chemicals to dumpster cleaned locker rooms and janitorial rooms 9/18 thru 9/22/17

10/3/2017                    CBRE Service Tracker - Technician Time Data Report

| Facility: | | Technician | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | | 9/27/17  CB ORF Rick Mullinax | 3 hrs 0 mins | 0 mins |
| Tenant | | Technician | | Mileage |
| (none) | | 9/27/17  CB ORF Rick Mullinax | | 19 mi |

Ticket #1278237 (/tickets/1278237)

Building and grounds 9/25 and 9/26

Notes:
* Building and grounds working on and removal of paint in building, Lowes for paint dry chemical.

| Facility: | | Technician | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | | 9/27/17  CB ORF John Thomas | 1 hrs 30 mins | 0 mins |
| Tenant | | Technician | | Mileage |
| (none) | | 9/27/17  CB ORF John Thomas | | 7 mi |

Ticket #1278490 (/tickets/1278490)

Meet HVAC contractor on site to ensure setback temps are programmed and units running in unoccupied mode 9-18-17

Notes:
* completed per description

| Facility Subtotal | Time | After Hours | Mileage |
|---|---|---|---|
| | 56 hrs 30 mins | 0 mins | 177 mi |

## Report Totals

| | |
|---|---|
| **Offices Included** | 1 |
| **Facilities Included** | 1 |
| **Tickets Assigned w/ Miles or Time** | 8 |
| **Total Time (Normal Hours only)** | 56 hrs 30 mins |
| **Total Time (After Hours only)** | 0 mins |
| **Total Time (Normal & After Hours)** | 56 hrs 30 mins |
| **Total Mileage** | 177 mi |

56.50
-13.00  BILLED
———
43.50  DUE



**Pro Window Inc.**
1604 Virginia Beach Blvd
Virginia Beach, VA 23454
**Office:** (757) 422-8242
**Fax:** (757) 250-4504

**Invoice**

| Date | Invoice # |
|------|-----------|
| 25-Oct-2017 | E1709202A |

| Billing Address: |
|---|
| CBRE |
| 150 W. Main Street |
| Norfolk, Virginia 23510 |

| Site Address: |
|---|
| 6160 Commander Parkway |
| 6160 Commander Pkwy |
| Norfolk, Virginia 23502 |

| Point of Contact | Terms | Rep |
|---|---|---|
|  | Net 15 |  |

| Description | Total |
|---|---|
| Pull an existing leaking punched window and inspect for proper sill pan and head flashing. Pro Window will remove precast sill and decorative band above window opening to inspect for defects. Cost of inspection to include: all labor, equipment, man-lifts, window removal / re-installation and new sill pan. | 5,650.00 |
| **Total Due:** | **$5,650.00** |

Your acceptance of this proposal will constitute a CONTRACT between your company and Pro Window Inc. This CONTRACT may be cancelled by either party upon ninety (90) day written notice of cancellation. The prices quoted above are with the understanding that we are to furnish all labor and equipment necessary to perform this work in a workman-like manner according to standard practices. Contractor reserves the decision to work or not to work regarding weather conditions. Rain generally will not stop work. Any alterations or deviations from above specifications involving extra costs will be executed only upon a written change order.

Terms Net due 15 days. 1 ½% monthly service charge on past due accounts plus a minimum monthly bookkeeping charge of $5.00. Further, as a condition of this contract, you agree to pay all cost of collection, including reasonable Attorney's fees if this account becomes delinquent.

12/31/2017                    CBRE Service Tracker - Technician Time Data Report

# Technician Time Data Report

Returns time (regular and after hours) and mileage logged against each Ticket. Only tickets with miles or time entered between the selected Start and End Dates are returned. Tickets will be further filtered if a Facility or Tech/Lead Tech are selected. Results are grouped by Office, Facility, and Ticket.

Date/times converted to your preferred timezone: US/Eastern.

*[handwritten: # 1632]*

| Start Date | End Date | Facility |
|---|---|---|
| 12/1/2017 | 12/31/2017 | Commander Corp Cen |

Tech / Lead Tech

Select an Option                                  · Include Notes?

**Office: Hampton Roads**

**Facility:**

Commander Corp Cen

| | Technician | Time | After Hours |
|---|---|---|---|
| 12/14/17 | CB ORF Rick Mullinax | 1 hrs 30 mins | 0 mins |

Tenant

(none)

| | Technician | | Mileage |
|---|---|---|---|
| 12/14/17 | CB ORF Rick Mullinax | | 5 mi |

Ticket #1291551 (/tickets/1291551)

Notes:

City and Otis annual inspection -11/7 at 9 am - contact for the City is Tommy 615-7818. TX JA

· Met Otis and City inspector on site for elevators

**Facility:**

Commander Corp Cen

| | Technician | Time | After Hours |
|---|---|---|---|
| 12/4/17 | CB ORF Rick Mullinax | 1 hrs 0 mins | 0 mins |

Tenant

(none)

| | Technician | | Mileage |
|---|---|---|---|
| 12/4/17 | CB ORF Rick Mullinax | | 4 mi |

Ticket #1308832 (/tickets/1308832)

Notes:

ASI will be out this afternoon to look at the TROUBLE on the panel. they will call you first. TX JA

· Meet Tech on site found no phone service,called Julie she will contact Owners.

· Meet Tech on site,found no phone service,called Julie she will call Owners

12/31/2017

CORE Service Tracker - Technician Time Data Report

| Facility: | | Technician | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | 12/1/17 | CB ORF Rick Mullinax | 2 hrs 0 mins | 0 mins |
| Tenant | | | | |
| (none) | | Technician | | Mileage |
| | 12/1/17 | CB ORF Rick Mullinax | | 16 mi |

$96.00

Ticket #1310955 (/tickets/1310955)

Meet IES Electrical on site 11/28

Notes:
- Meet electricians looked over blue prints walked parking lot,went to electrical room shut off breakers to poles,give access to warehouse to store replacement lights 11/29/17

| Facility: | | Technician | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | 12/1/17 | CB ORF Rick Mullinax | 3 hrs 0 mins | 0 mins |
| Tenant | | | | |
| (none) | | Technician | | Mileage |
| | 12/1/17 | CB ORF Rick Mullinax | | 5 mi |

Ticket #1310962 (/tickets/1310962)

Worked on Hot water heaters and water lines 11/28

Notes:
- Vendor said hot water smelled like rotten eggs checked water,called plumber and to drain hot water from hot water heaters on all floors and drain lines to flush out lines,removed aerators from all bathrooms and kitchen faucets,cleared water lines until water had no smell aerators will need replacing at a latter date

No.

| Facility: | | Technician | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | 12/4/17 | CB ORF Rick Mullinax | 2 hrs 0 mins | 0 mins |
| Tenant | | | | |
| (none) | | Technician | | Mileage |
| | 12/4/17 | CB ORF Rick Mullinax | | 6 mi |

Ticket #1311258 (/tickets/1311258)

Building walk thru with possible tenant 12/1/17

Notes:
- Meet Julie, Brokers and possible tenant on site for walk thru of building 12/1/17

| Facility: | | Technician | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | 12/4/17 | CB ORF Rick Mullinax | 1 hrs 0 mins | 0 mins |
| Tenant | | | | |
| (none) | | Technician | | Mileage |
| | 12/4/17 | CB ORF Rick Mullinax | | 4 mi |

$3.00

Ticket #1311262 (/tickets/1311262)

Patching and painting and finish work on walls

Notes:
- Finish work on walls on 3-floors 12/1/17

*drywall work from water investigation.*

2/6

12/31/2017

CBRE Service Tracker - Technician Time Data Report

| Facility: | Technician | | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | 12/5/17 | CB ORF Rick Mullinax | 1 hrs 0 mins | 0 mins |
| Tenant | | | | |
| (none) | Technician | | | Mileage |
| Ticket #1312471 (/tickets/1312471) | 12/5/17 | CB ORF Rick Mullinax | | 5 mi |
| Meet Matt from CBRE on site. | | | | |

Notes:
- Trun on all lights all floors for Matt to take Video of all floors and building 12/5

| Facility: | Technician | | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | 12/5/17 | CB ORF Rick Mullinax | 1 hrs 30 mins | 0 mins |
| Tenant | | | | |
| (none) | Technician | | | Mileage |
| Ticket #1312478 (/tickets/1312478) | 12/5/17 | CB ORF Rick Mullinax | | 5 mi |
| Ceiling tiles and carpet base replaced 12/5 | | | | |

Notes:
- Replaced stain ceiling tiles and replaced carpet base removed by vendor 12/25   *due to water infiltration.*

| Facility: | Technician | | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | 12/14/17 | CB ORF Rick Mullinax | 15 mins | 0 mins |
| Tenant | | | | |
| (none) | No Miles | | | |
| Ticket #1312495 (/tickets/1312495) | | | | |
| Cox prep order for the phone lines installation on Wed 12/6 between 1 pm and 3 pm. | | | | |

Notes:
- No show or call 12/6

| Facility: | Technician | | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | 12/14/17 | CB ORF Rick Mullinax | 15 mins | 0 mins |
| Tenant | | | | |
| (none) | No Miles | | | |
| Ticket #1312496 (/tickets/1312496) | | | | |
| Cox - phone lines install on Fri 12/8 between 1 pm and 3 pm. | | | | |

Notes:
- No show or call from Cox 12/8

12/31/2017                                    CBRE Service Tracker - Technician Time Data Report

**Facility:**

Commander Corp Cen

**Tenant**

(none)

Ticket #1314030 (/tickets/1314030)

Meet dominion power at building

| | Technician | Time | After Hours |
|---|---|---|---|
| 12/7/17 | CB ORF Tom Sullivan | 1 hrs 15 mins | 0 mins |
| | Technician | | Mileage |
| 12/7/17 | CB ORF Tom Sullivan | | 4 mi |

Notes:
- 12/7, Met dominion Power at building

**Facility:**

Commander Corp Cen

**Tenant**

(none)

Ticket #1316262 (/tickets/1316262)

Meet Vendors on site for access building inspection and work in building for oct-2 thru oct-31

| | Technician | Time | After Hours |
|---|---|---|---|
| 12/12/17 | CB ORF Rick Mullinax | 23 hrs 0 mins | 0 mins |
| 12/12/17 | CB ORF Rick Mullinax | 23 hrs 0 mins | 0 mins |
| 12/12/17 | CB ORF Rick Mullinax | 1 hrs 0 mins | 0 mins |

No Miles

Notes:
- Worked on new monthly ticket for Oct 2017

**Facility:**

Commander Corp Cen

**Tenant**

(none)

Ticket #1316326 (/tickets/1316326)

Meeting vendors, site work for October

| | Technician | Time | After Hours |
|---|---|---|---|
| 12/12/17 | CB ORF Rick Mullinax | 23 hrs 0 mins | 0 mins |
| 12/12/17 | CB ORF Rick Mullinax | 23 hrs 0 mins | 0 mins |
| 12/12/17 | CB ORF Rick Mullinax | 1 hrs 0 mins | 0 mins |

No Miles

Notes:
- Meet Va Power,Bay Mechanical,Brancoum,Pro window workers,Building Enginer,Landscapers,Caligari supervisor,Painters carpet Cleaners, Property Manager,Brokers and CBRE supervisor,Removed broker furniture ,Add cat litter to dry up 79 gals old paint and remove to dumpster removed all old boxes of old phones to dumpster from IT room picked up supplies from vendors replaced stained ceiling tiles and other building issues. Oct-2 thru Oct-31.

*R electrician no power to generator- Mall responsible irrigation - damaged by mall.*

12/31/2017                              CBRE Service Tracker – Technician Time Data Report

**Facility:**                                    Technician                    Time        After Hours

Commander Corp Cen              12/14/17   CB ORF Rick Mullinax     2 hrs 0 mins     0 mins

Tenant                                          Technician                                  Mileage

(none)                                                                          *$ 96.00*

                                               12/14/17   CB ORF Rick Mullinax              11 mi

Ticket #1317579 (/tickets/1317579)
Building inspection replaced vinyl       Notes:
base in warehouse meet Cox on                • replaced vinyl base and meet Cox on site
site for phone lines 12/11 and                 *due to vinyl installation*
12/13

**Facility:**                                    Technician                    Time        After Hours

Commander Corp Cen              12/14/17   CB ORF Rick Mullinax     1 hrs 0 mins     0 mins

Tenant                                          Technician                                  Mileage

(none)                                         12/14/17   CB ORF Rick Mullinax              9 ml

Ticket #1317679 (/tickets/1317679)
Phone lines worked with Cox 12/14        Notes:
                                               • Worked with cox to verify 3- phone lines for fire panel and
                                                 elevator #757-961-6886 757-961-8142 and 757-961-6304,fire
                                                 panel no longer in trouble.

**Facility:**                                    Technician                    Time        After Hours

Commander Corp Cen              12/20/17   CB ORF Rick Mullinax    22 hrs 30 mins    0 mins

Tenant                                         No Miles

(none)                                         Notes:
                                               • completed per description
Ticket #1320204 (/tickets/1320204)
Master ticket for all vendor escorts,
property manager meetings, ceiling             *22.5 hs x 20% = 4 hrs 30 mis*
tile replacement, trash removal, etc  *20%*
11-1 thru 30-1?

**Facility:**                                    Technician                    Time        After Hours

Commander Corp Cen              12/20/17   CB ORF Rick Mullinax     30 mins         0 mins

Tenant                                          Technician                                  Mileage

(none)                                         12/20/17   CB ORF Rick Mullinax              6 ml

Ticket #1320259 (/tickets/1320259)
checked trouble on fire panel            Notes:
                                               • Trouble on fire panel call ASI monitoring must be static in phone
                                                 line all clear

                                               *Total hours re: vista = 34*

12/31/2017                          CBRE Service Tracker - Technician Time Data Report

| Facility: | | Technician | Time | After Hours |
|---|---|---|---|---|
| Commander Corp Cen | | 12/21/17   CB ORF Rick Mullinax | 1 hrs 0 mins | 0 mins |
| Tenant | | | | |
| (none) | | Technician | | Mileage |
| Ticket #1320876 (/tickets/1320876) | | 12/21/17   CB ORF Rick Mullinax | | 10 mi |
| fire panel trouble 12/19 | | Notes: | | |

- phone lines to panel called ASI monitoring ,all clear no problems 12/19 an 12/21 and checked building

| Facility Subtotal | Time | After Hours | Mileage |
|---|---|---|---|
| | 135 hrs 45 mins | 0 mins | 90 mi |

## Report Totals

| | |
|---|---|
| Offices Included | 1 |
| Facilities Included | 1 |
| Tickets Assigned w/ Miles or Time | 18 |
| Total Time (Normal Hours only) | 135 hrs 45 mins |
| Total Time (After Hours only) | 0 mins |
| Total Time (Normal & After Hours) | 135 hrs 45 mins |
| Total Mileage | 90 mi |

Vista related hours = 34
Per hour Billing Rate $48
$1,632

135.75   dirt/New Labor
-116.50   Reconciliation
19.25   workers
-13.00   billed
6.25   sub

# Invoice

G HOGAN
COMMERCIAL
CLEANING
645 ESTATES WAY
CHESAPEAKE VA,
23320
Phone 757-652-4320
Ghogan750@yahoo.com

TO

Julie Alexander
CBRE
150 W MAIN STREET
SUITE 1100
NORFOLK, VA 23510
Phone 757-490-3300
Fax 757-480-1200
D 757-228-1822

| Salesperson | | Payment Terms | Invoice Date |
|---|---|---|---|
| Gene Hogan | COMMERCIAL CLEANING SERVICES | ONE TIME | 11/20/2017 |

| Qty | Description | Unit Price | Line Total |
|---|---|---|---|
| 1 | CARPET CLEANING | $275.00 | $275.00 |
| | 6160 COMMANDER PARKWAY NORFOLK | | |
| | *Shampooed hallways and foyer area for stain removal.* | | |

| | |
|---|---|
| Subtotal | $275.00 |
| Sales Tax | 0 |
| Total | $275.00 |

Make all checks payable to G HOGAN COMMERCIAL CLEANING

*We Appreciate your Business!*

 

2421 Florida Ave. Norfolk, VA 23513

# Invoice #2

**TO:**   **CB Richard Ellis**

**Attn.:**   **Julie Alexander**

**JOB:**   **6160 Commander Corporate**

Provide all necessary labor, materials, equipment, tools and insurance required to perform the following work:

| Through 11.16.2017: Wallcovering Demo, Prep & Prime @ Water Damage: | |
|---|---|
| Labor; 24 Hours: | $840.00 |
| Material: | $224.50 |
| **TOTAL:** | **$1,064.50** |

CALIGARI GERLOFF PAINTING, INC.                    PROPOSAL BASED ON PLANS & SPECS

BY:_____          ACCEPTED:_____
Robert E. Gerloff, President                                     BY:
DATE: November 16, 2017                                     DATE:

757-216-7147 (PHONE)
757-216-7149 (FAX)

**Healthy Environments, LLC**
**PO Box 809**
**Norfolk, VA 23501**
**Phone (757) 502-8875**
**Fax    (757) 648-8630**

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/20/2017 | 2694 |

Bill To

CB Richard Ellis
Julie Alexander
150 W. Main Street, Suite 1100
Norfolk, VA 23510

Ship To

Building 6160
Norfolk, Va

| Terms | Due Date | Project |
|-------|----------|---------|
| Due on receipt | 11/20/2017 | |

| Description | Qty | Amount |
|-------------|-----|--------|
| Indoor Environmental Quality Inspection | | 525.00 |

FED TAX ID  20-4441168

Payments are due upon receipt of this invoice.  Any payments not paid within 30 days of receipt of this invoice will be subject to finance charges of 1.5% per month or 18% per annum.

| | |
|---|---|
| **Total** | $525.00 |
| Payments/Credits | $0.00 |
| **Balance Due** | $525.00 |



**Commercial**

IES Commercial, Inc.
DCJS# 11-5420
Formerly Arc Electric

1010 Bowen Pkwy.
Suite A
Suffolk, VA 23435
T: 757 424 5164
F: 757 215 9016

www.ies-co.com

September 22, 2017

Julie Alexander
**CBRE**
150 W Main Street, Suite 1100
Norfolk, VA 23510

Reference:   6160 Commander Parkway - **Revised**

IES Commercial, Inc. is pleased to present a cost proposal for the work as
listed below for the above referenced site.

1. Replace the existing fixtures using the existing poles.
2. Provide and install (6) 2 head fixtures.
3. Provide and install (11) 1 head fixture.
4. We have included an allowance to repair (1) pole base that is damaged.
5. No allowance is included for replacement of underground conduit or
   wiring.
6. No allowance is included for lighting controls.
7. Disposal of existing poles and fixtures included.
8. All work performed during normal business hours.
9. This quote is valid for 30 days.
10. The price for this scope is conditioned upon usage of unaltered AIA
    contract documents or another contract acceptable to IES Commercial,
    Inc.
11. Bond not included.

**TOTAL PRICE:**          **$36,000.00**

Feel free to call should you have any questions.

Sincerely,
IES Commercial, Inc.

Jon Snyders
*Division Service Manager*

$6 \times 2 = 12$

$11 \times 1 = \underline{11}$

$23$ heads

8 heads were missing

$\dfrac{8}{23} \times \$36,000 = \$12,520$

**IES Commercial - Suffolk**
1010 Bowen Parkway
Suffolk, Virginia 23435
Tel: 757-215-9000
Fax: 757-215-9016
E-mail: jon.snyders@iesci.net

| Invoice date: | Dec. 20  2017 |
| --- | --- |
| WO# | |
| File # | 30370 |
| Job date: | Dec. 20, 2017 |
| Customer Ref. #: | |
| Invoice#: | 221480005-01 |
| Resource: | |

Billing  address:

CBRE
150 W. Main Street Suite 1100
Norfolk, Virginia  23510

Site  address:

COMMANDER CORPORATE CENTER
Attn: JULIE ALEXANDER
5160 COMMANDER PKWY
NORFOLK, Virginia  23502

**Work Description**

REPLACE SITE LIGHTS PER QUOTED PRICE

| Item Description | Qty | U | Net | Mat $ |
| --- | --- | --- | --- | --- |
| QUOTED PRICE | 1 | E | 36,000.00 | 36,000.00 |
| Total | | | | $36,000.00 |

| Summary | Total ($) |
| --- | --- |
| Subtotal Material | 36,000.00 |
| Total | $36,000.00 |

**Terms**

Net 30 days

Please remit payment to

IES Commercial, Inc
1010 Bowen Pkwy
Suffolk, VA 23435



**ATLANTIC ENVIRONMENTAL**
**C O M P A N I E S**
INCORPORATED IN THE STATE OF VA IN 1989
924 PROFESSIONAL PLACE - CHESAPEAKE, VA 23320
757-548-4888 - FAX 757-548-8986

Remit To:

Atlantic Environmental Construction Co.
Federal ID No. 54-1509633
924 Professional Place
Chesapeake, Virginia 23320

# Invoice

| Bill To: | Job Address: |
|---|---|
| CB Richard Ellis of Virginia | Commander Corporate Center |
| 150 W. Main Street | 6160 Commander Parkway |
| Suite 1100 | Norfolk, VA 23502 |

| | |
|---|---|
| Norfolk, VA 23510 | Current Contract Amount: $6,254.00 |
| | Modifications to Date: $0.00 |
| | Previous Billed Amount: $0.00 |
| Work Authorized By: Ms. Julie Alexander | Previous Paid Amount: $0.00 |

| Date | Invoice Number | Customer Order Number | Customer Number | Net Terms |
|---|---|---|---|---|
| 3/23/2018 | 6048-01 | | CB RICHARD ELLI | Net 30 days |

| Description |
|---|
| Project 100% Complete |

| | |
|---|---|
| Billing Amount: | $6,254.00 |
| Retention Withheld: | $0.00 |
| Retention Due: | $0.00 |
| Subtotal: | $6,254.00 |
| Misc: | $0.00 |
| Tax: | $0.00 |
| **Pay This Amount:** | $6,254.00 |

**TERMS:  NET 30 DAYS FROM RECEIPT OF INVOICE**
1.5% SERVICE CHARGE WILL BE ADDED TO BALANCE DUE AFTER 30 DAYS, REFLECTING AN
18% ANNUAL INTEREST RATE. AND ALL COSTS OF COLLECTION, INCLUDING ATTORNEY'S
FEES OF 25% OF THE COLLECTION AMOUNT, WHICH THE PARTIES AGREE TO BE REASONABLE
SHOULD COLLECTION OR ARBITRATION BECOME NECESSARY.

Valcourt Exterior Building Services of VA, LC
8260 Greensboro Drive
Suite 425
McLean, VA  22102
Ph: 804-226-6969
Fax: 804-226-6980

Invoice ID:  250000089
Invoice Date:  4-30-2018

Customer ID:  TOWNSEN

To:

TOWNSEND CAPITAL
11311 McCormick Rd
SUITE 470
HUNT VALLEY, MD 21031

Job:  25-18-9888     Proposal #  80011
PX 6160 COMMANDER PKWY
6160 Commander Pkwy

Norfolk, VA 23502

SERVICES PROVIDED:

| | |
|---|---|
| Leak Investigation completed on 04/03/18. Should you have any additional questions, please contact Heather Henderson at 804-226-6969. | 2,740.00 |

Remit To Address:
Valcourt Exterior Building Services of VA, LC
Suite    425
8260 Greensboro Drive
McLean, VA        22102

| | | |
|---|---|---|
| Amount Billed | | $2,740.00 |
| Total Tax | | |
| Retainage Held | | |

DATE DUE:   04-30-2018

| | |
|---|---|
| Total   Due | $2,740.00 |

## Valcourt Building Services of Virginia, LC

8280 Greensboro Drive, Suite 425, McLean, VA 22102
(703) 294-6202
Fed. ID # 51-0559804

# *INVOICE*

| Invoice # | Invoice Date | Terms | Due Date |
|---|---|---|---|
| 115029 | 08/14/2018 | NET 10 | 8/24/2018 |

| Customer # 8004570 | Customer Phone (757) 490-3300 |
|---|---|

CBRE
Julie Alexander
150 West Main Street, Suite 1100
Norfolk, VA 23510

**Site # 53117**

Blackhawk Building
6160 Commander Parkway
Norfolk, VA 23502
Julie Alexander
(757) 490-3300

| Job # | Date Done | Job Description | | | | Price |
|---|---|---|---|---|---|---|
| 92747 | 08/11/2018 | Service Ticket # 237573 | ONE TIME | DIV | LR | $730.00 |

**Other Specialty Service**

Using onsite manlift, ladders, and extension poles, Valcourt will remove all wasp nests from the perimeter of the building and spray that area with a wasp repellent. The nests at the roof level on the right and left of the main entrance are included as well and Valcourt will need to gain roof access from management.

| | | | STATE TAX | $0.00 |
|---|---|---|---|---|
| | | | LOCAL TAX | $0.00 |
| | | | TOTAL | $730.00 |

The following items are reflected in the invoice amount:

| Units | Description | Rate | Total |
|---|---|---|---|
| 1 | Billing amount was left of orignial invoice | 730.00 | $730.00 |

Please Pay This Amount:   $730.00

*Page* 1



**Valcourt Exterior Building Services of Virginia, LC**
7423 Whitepine Rd
Richmond, VA 23237
804-226-6969

Customer ID: TOWNSEN

Townsend Commander Parkway LLC
11311 McCormick Rd
Suite 470
Hunt Valley, MD 21031

| | |
|---|---|
| Invoice ID: | 250000175 |
| Billing Thru: | 10/31/2018 |
| Invoice Date: | 11/7/2018 |
| Due Date: | 12/7/2018 |
| Amount Due: | $    84.00 |
| Job # | 2518-0060 |
| Proposal #: | 80060 |

### Services Provided:
6160 Commander Pkwy
Norfolk VA

| Description of Work | Scheduled Value | Work Completed From Previous Invoices | This Period | Total Completed to Date |
|---|---|---|---|---|
| Through Wall Flashing Repairs | $   74,380.00 | | | 100.00% |
| Mobilization | | $   15,076.00 | | 20.27% |
| Completed in July | | $   25,870.00 | | 34.78% |
| Completed in August | | $   27,550.00 | | 37.04% |
| Completed in September | | $    5,800.00 | | 7.80% |
| Completed in October | | | $    84.00 | 0.11% |
| | | | | |
| | | | | |
| TOTALS | $   74,380.00 | $   74,296.00 | $    84.00 | 100.00% |

Remit To Address:
Valcourt Exterior Building Services of Virginia, LC
8260 Greensboro Dr  Suite 425
McLean VA 22102

## APPLICATION AND CERTIFICATE FOR PAYMENT

CONSTRUCTION MANAGER-ADVISOR EDITION

AIA DOCUMENT G702

PAGE ONE OF 2 PAGES

| | | | | |
|---|---|---|---|---|
| TO OWNER: | Townsend Commander Parkway LLC<br>11511 McCormick Rd. #470<br>Hunt Valley, MD 21031 | PROJECT:<br>Townsend Commander Parkway LLC<br>6160 Commander Hwy<br>Norfolk, VA | APPLICATION NUMBER: THREE (3)<br>PERIOD TO: 07/25/19<br>PROJECT NOS: | Distribution to:<br>☒ OWNER<br>☐ CONSTRUCTION MANAGER<br>☐ ARCHITECT<br>☐ CONTRACTOR |
| CONTRACTOR: | Taylor Construction, LLC.<br>600 N. Witchduck Rd. #107<br>Virginia Beach VA 23462 | VIA CONSTRUCTION MANAGER:<br>VIA ARCHITECT: | CONTRACT DATE | |

### CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for payment, as shown below, in accordance with the Contract
Continuation Sheet, AIA Document G703, is attached.

| | | | |
|---|---|---|---|
| 1. | ORIGINAL CONTRACT SUM | | $178,475.00 |
| 2. | Net Change By Change Orders | | $35,251.90 |
| 3. | CONTRACT SUM TO DATE (Line 1 ± 2) | $ | 213,726.90 |
| 4. | TOTAL COMPLETED & STORED TO DATE<br>(Column G on G703) | | $213,726.90 |
| 5. | RETAINAGE:<br> a. 0% % of Completed Work<br> (Columns D & E on G703) | $0.00 | |
| | b. 0% % of Stored Material<br> (Column F on G703) | $0.00 | |
| | Total Retainage (Line 5a + 5b or<br> Total in Column I of G703) | | $0.00 |
| 6. | TOTAL EARNED LESS RETAINAGE<br>(Line 4 less Line 5 Total) | | $213,726.90 |
| 7. | LESS PREVIOUS CERTIFICATES FOR PAYMENT<br>(Line 6 from prior Certificate) | | $140,369.40 |
| 8. | CURRENT PAYMENT DUE | | $73,357.50 |
| 9. | BALANCE TO FINISH, INCLUDING RETAINAGE<br>(Line 3 less Line 6) | $ | |

| CHANGE ORDER SUMMARY | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in<br>previous months by Owner | $24,781.00 | |
| Total Approved this Month | $10,470.90 | |
| TOTALS | $35,251.90 | $0.00 |
| NET CHANGE by Change Order | | $35,251.90 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge,
information and belief, the Work covered by this Application for Payment has been
completed in accordance with the Contract Documents, that all amounts have been
paid by the Contractor for Work for which previous Certificates for Payment were
and payments received from the Owner, and that current payment shown herein
CONTRACTOR

BY: _Philip M. Bartlett, M.M._ DATE:
_Taylor Construction_

State of: ____ County of: ____
Subscribed and sworn before me this ____ day of ____ 19__
Notary Public: ____
My Commission Expires: 6-20-21

### CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on on-site observations
and the data comprising the above application, the Construction Manager
certifies that to the best of his knowledge, information and belief the Work
has progressed as indicated, the quality of the Work is in accordance with
the Contract Documents, and the Contractor is entitled to payment of the
AMOUNT CERTIFIED

AMOUNT CERTIFIED $ 73,357.50

(Attach explanation if amount certified differs from the amount applied for. Initial all figures on this
Application and on the Continuation Sheet that changed to conform to the amount certified.)
CONSTRUCTION MGR:
By: ____ Date ____
ARCHITECT:
By: ____ Date 8/6/19

This certificate is not negotiable. The AMOUNT CERTIFIED is payable only
to the Contractor named herein. Issuance, payment and acceptance of
payment are without prejudice to any rights of the Owner or Contractor under
this Contract.

**CONTINUATION SHEET**    AIA DOCUMENT G703

The page contains a construction continuation sheet (AIA Document G703) with a large itemized cost breakdown table that is too faded and low-resolution to read reliably.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**TOTALS** — $213,726.90 | $155,966.90 | $57,786.90 | $0.00 | $213,726.90 | 100% | $0.00 | $213,726.90



600 North Witchduck Road, Suite 107
Virginia Beach, VA 23462

## CHANGE ORDER 001

| | | | |
|---|---|---|---|
| TO | Townsend Capital LLC | PCO NO: | 1 |
| | 11311 McCormick Road, STE 407 | | |
| | Hunt Valley, MD 21031 | DATE: | 6/24/2019 |
| ATTENTION | Mr Jared Stile | PROJECT: | 6160 Commander Parkway |
| | EVP, Townsend Capital LLC | | Façade Upgrades |
| FROM: | Mr. Gray Bowditch | TCMI JOB NO | |
| | General Manager, Taylor Construction | | |
| REFERENCE | Façade Upgrades - Progress Payment for Steel Angle | OWNER JOB NO. | |
| | Removal at Each Tower | | |

| ITEM NO. | DESCRIPTION | UNIT | QUANTITY | UNIT PRICE | TOTAL |
|---|---|---|---|---|---|
| | 04 - Steel and Metals - Upon removal of façade stone and mortar surface GC found 6"x"6 double stacked angle at each tear of each tower. Each tower required 348 LF of angle removed with weld points on the top and bottom of each side of the angle application to the structure. Steel was required to be removed from towers to continue the project and prepare the towers for densglass and Drywll application. Total scope included the following. Plasma Tips = $350, Fuel = $383, Abrasives = $3,929.25, Equipment = $960, Labor = $19,189.25 | | | | |
| 1 | | 1 | 1.0 | $  24,781.00 | $  24,781.00 |

| | | |
|---|---|---|
| SUBTOTAL | | $  24,781.00 |
| CONTRACTORS FEE | | $ |
| TOTAL PROPOSED CHANGE ORDER | | $  24,781:00 |

THE ABOVE WORK IS SUBJECT TO THE SAME CONDITIONS AS SPECIFIED IN THE ORIGINAL CONTRACT UNLESS OTHERWISE STIPULATED.

| | |
|---|---|
| CONTRACTOR:   TAYLOR CONSTRUCTION | OWNER: |
| _P. Gray Bowditch (signature)_ | _Jared Stile (signature)_ |
| SIGNATURE | SIGNATURE |
| | Jared Stile - EVP |
| P. Gray Bowditch, General Manager | |
| PRINTED NAME AND TITLE | PRINTED NAME AND TITLE |
| 06/24/19 | 6/24/19 |
| DATE OF SIGNATURE | DATE OF SIGNATURE |



**TAYLOR** CONSTRUCTION

600 North Witchduck Road, Suite 107
Virginia Beach, VA 23462

## PROPOSED CHANGE ORDER 002

| | | | |
|---|---|---|---|
| TO: | Townsend Capital LLC | PCO NO: | 2 |
| | 11311 McCormick Road, STE 407 | | |
| | Hunt Valley, MD 21031 | DATE: | 7/15/2019 |
| ATTENTION: | Mr. Jared Stile | PROJECT: | 6160 Commander Parkway |
| | EVP, Townsend Capital LLC | | |
| FROM: | Mr. Grey Bowditch | TCMI JOB NO: | |
| | General Manager, Taylor Construction | | |
| REFERENCE: | Façade Upgraded - Design Changes from Plans and | OWNER JOB NO: | |
| | Request by Site Engineer / Landlord Work | | |

| ITEM NO. | DESCRIPTION | UNIT | QUANTITY | UNIT PRICE | TOTAL |
|---|---|---|---|---|---|
| 1 | 08 - Windows, Openings, and Doors - Windows - Snap on cap on top and sides of all windows. Not referenced in original scope of work. Requested by Mark Bower during site review end in field report. 6.21.19. No Charge | 1 | 1.0 | No Charge | No Charge |
| 2 | 09 - Finishes - EIFIS and Flashing - Additional EIFS and flashing coverage not included in original set of plans. This work is particular to work at tops of towers where previous stone cap was to be installed, on vertical where metal flashing meets tower walls, and at base of both towers where plans call for block to be painted. This price includes additional flashing required at top of towers to create a continous drip edge from existing storefront face to over the top of the new EIFS sills. Flashing drip edge design confirmed by Mike Bower. | 1 | 1.0 | $ 4,970.00 | $ 4,970.00 |
| 3 | 09 - Finishes - CREDIT - Removal from scope of work new cap stone sill at top of each tower. | 1 | 1.0 | $ (1,050.00) | $ (1,050.00) |
| 4 | 09 - Finishes - (Landlord Work) Caulking - Caulk at areas of delaminated stainless steel panel joints around the top of towers selected by Mark Brower during field inspection. These area were separate from those directly related to new flashing connections at top of tower at EIFS transition. | 1 | 1.0 | $ 770.00 | $ 770.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5 | 09 - Finishes - (Landlord Work) - Painting - Prep and paint steel piping at 4th floor towers which surrounds storefront windows  Price includes painting and does not include cost of lift as lift usage will be leveraged from existing lifts on site due to other scopes of work.  Paint to match storefront color. | 1 | 1.0 | $ | 3,389.00 | $ | 3,389.00 |
| 6 | 09 - Finishes - (Landlord Work) - Painting - Prep and paint the damaged copper wall per the wall color paint spec provided by John Covington  Price includes painting 9 tiles | 1 | 1.0 | $ | 890.00 | $ | 890.00 |
| 7 | 09 - Drywall - (Landlord Work) - Drywall - Drywall repair work at soffit in front lobby behind reception desk | 1 | 1.0 | $ | 550.00 | $ | 550.00 |

|  |  |
|---|---|
| SUBTOTAL | $ 9,519.00 |
| CONTRACTORS FEE | $ 951.90 |
| TOTAL PROPOSED CHANGE ORDER | $ 10,470.90 |

THE ABOVE WORK IS SUBJECT TO THE SAME CONDITIONS AS SPECIFIED IN THE ORIGINAL CONTRACT UNLESS OTHERWISE STIPULATED.

CONTRACTOR:

_____
SIGNATURE

P. Gray Bowditch, General Manager
PRINTED NAME AND TITLE

07/15/2019
DATE OF SIGNATURE

OWNER:

_____
SIGNATURE

Jared Stile  EVP
PRINTED NAME AND TITLE

7/16/19
DATE OF SIGNATURE



**INVOICE**
101019-2

Taylor Construction
600 North Witchduck Road, Suite 107
Virginia Beach, VA 23462

10-Oct-19

| JOB: | 6160 Commander | Bill To: Townsend Commander Parkway LLC | | |
|---|---|---|---|---|
| Interior Paint Upgrades: | | | | |
| 1. Upgraded paint at front reception wall due to tile finish damage caused by 2nd floor leak. | | | S | 1,902.00 |
| 2. Contractor Fee | | | S | 190.20 |
| | | | | |
| BALANCE | | | S | 2,092.20 |

Make Check payable to:
Taylor Construction
600 N. Witchduck Rd Suite #107
Virginia Beach, VA 23462



**HEITMANN & ASSOCIATES, INC.**
BUILDING ENCLOSURE CONSULTANTS
WWW.HEITMANNASSO. COM

Townsend Commander Parkway, LLC
c/o Townsend Capital, LLC
11311 McCormick Road, Suite 470
Hunt Valley, MD 21031

March 13, 2019
Project No:   2019006.09
Invoice No:   201903014

Project:  6160 Commander Parkway

_Consulting Services through March 08, 2019_

| | | | | |
|---|---|---|---|---|
| Total Fee | 41,600.00 | | | |
| Percent Complete | 10.00 | Total Earned | 4,160.00 | |
| | | Previous Fee Billing | 0.00 | |
| | | Current Fee Billing | 4,160.00 | |
| | | **Total Fee** | | 4,160.00 |

Total this Invoice   $4,160.00



**HEITMANN & ASSOCIATES, INC.**
BUILDING ENCLOSURE CONSULTANTS
WWW.HEITMANNASSOC.COM

Townsend Commander Parkway, LLC
c/o Townsend Capital, LLC
11311 McCormick Road, Suite 470
Hunt Valley, MD 21031

April 24, 2019
Project No:     2019006.09
Invoice No:     0201904033

*Project:   6100 Commander Parkway*

Consulting Services through April 19, 2019
Professional Personnel

| | | Hours | Rate | Amount | |
|---|---|---|---|---|---|
| Project Manager | | | | | |
| Barkin, Pauline | 3/11/2019 | 2.00 | 165.00 | 330.00 | |
| Review Drawing Architect's drawings: 031119-6160 COMMANDER-TOWER REPAIR-REVIEW | | | | | |
| Barkin, Pauline | 3/14/2019 | 2.50 | 165.00 | 412.50 | |
| Review Drawing Architect's drawings: 031119-6160 COMMANDER-TOWER REPAIR-REVIEW | | | | | |
| Barkin, Pauline | 3/21/2019 | .50 | 165.00 | 82.50 | |
| Correspondence | | | | | |
| Barkin, Pauline | 3/22/2019 | .50 | 165.00 | 82.50 | |
| Correspondence | | | | | |
| Barkin, Pauline | 3/25/2019 | .50 | 165.00 | 82.50 | |
| Correspondence | | | | | |
| Barkin, Pauline | 4/15/2019 | .50 | 165.00 | 82.50 | |
| Correspondence | | | | | |
| Consultant Engineer / Architect | | | | | |
| Brower, Mark | 3/12/2019 | 3.00 | 135.00 | 405.00 | |
| Review wall cut through drawings | | | | | |
| Brower, Mark | 3/21/2019 | 2.00 | 135.00 | 270.00 | |
| Review drawings | | | | | |
| Brower, Mark | 3/26/2019 | 1.50 | 135.00 | 202.50 | |
| Review owners bid package | | | | | |
| Brower, Mark | 3/28/2019 | 1.00 | 135.00 | 135.00 | |
| Review revised drawings | | | | | |
| Brower, Mark | 4/1/2019 | 1.00 | 135.00 | 135.00 | |
| Conference call with ownership and perspective GC's | | | | | |
| Totals | | 15.00 | | 2,220.00 | |
| Total Labor | | | | | 2,220.00 |

| Billing Limit: $41,600.00 | | Current | Prior | To-Date |
|---|---|---|---|---|
| Total Billings | | 2,220.00 | 4,160.00 | 6,380.00 |
| Credit (prior lump sum bill vs hourly) | | | | (1,970.00) |
| Remaining | | | | 37,190.00 |

Total this Invoice     **$250.00**



**HEITMANN & ASSOCIATES, INC.**
BUILDING ENCLOSURE CONSULTANTS
WWW.HEITMANNASSOC.COM

May 22, 2019

Townsend Commander Parkway, LLC
c/o Townsend Capital, LLC
11311 McCormick Road, Suite 470
Hunt Valley, MD 21031

Project No:  2019006.09
Invoice No:  0201905029

*Project:* 6160 Commander Parkway

Consulting Services through May 17, 2019
Professional Personnel

|  |  | Hours | Rate | Amount |
|---|---|---|---|---|
| **Project Manager** |  |  |  |  |
| Barkin, Pauline | 4/22/2019 | 1.00 | 165.00 | 165.00 |
| Coordination & Correspondence |  |  |  |  |
| Barkin, Pauline | 4/23/2019 | 1.00 | 165.00 | 165.00 |
| Coordination & Correspondence |  |  |  |  |
| Barkin, Pauline | 4/30/2019 | 1.00 | 165.00 | 165.00 |
| Correspondence & Coordination |  |  |  |  |
| Barkin, Pauline | 5/6/2019 | 1.50 | 165.00 | 247.50 |
| Kick Off meeting Call and Prep for call. |  |  |  |  |
| Barkin, Pauline | 5/8/2019 | .20 | 165.00 | 33.00 |
| Coordination |  |  |  |  |
| Barkin, Pauline | 5/13/2019 | 1.00 | 165.00 | 165.00 |
| Internal Call /Meeting Discuss Progress of Site Visit |  |  |  |  |
| **Consultant Engineer / Architect** |  |  |  |  |
| Brower, Mark | 5/6/2019 | 1.00 | 135.00 | 135.00 |
| Kick-off meeting |  |  |  |  |
| Brower, Mark | 5/8/2019 | 3.50 | 135.00 | 472.50 |
| Phone conference call with Arch and subs. |  |  |  |  |
| Brower, Mark | 5/9/2019 | 1.00 | 135.00 | 135.00 |
| Travel Prep For site visit #1 |  |  |  |  |
| Brower, Mark | 5/13/2019 | 10.00 | 135.00 | 1,350.00 |
| Field Observation # 1 |  |  |  |  |
| Brower, Mark | 5/15/2019 | 3.00 | 135.00 | 405.00 |
| Prep Report #1 |  |  |  |  |
| Brower, Mark | 5/16/2019 | 3.50 | 135.00 | 472.50 |
| Report #1 |  |  |  |  |
| Totals |  | 27.70 |  | 3,910.50 |
| Total Labor |  |  |  | 3,910.50 |

| Billing Limits | Current | Prior | To-Date |
|---|---|---|---|
| Total Billings | 3,910.50 | 4,410.00 | 8,320.50 |
| Limit |  |  | 41,600.00 |
| Remaining |  |  | 33,279.50 |

| | | Total this Invoice | $3,910.50 |
|---|---|---|---|

St. Louis: 14500 South Outer Forty Road, Suite 110, Chesterfield, MO 63017-5736 Phone: 314 439 1944 Fax: 314 439 1778



**HEITMANN & ASSOCIATES, INC.**
BUILDING ENCLOSURE CONSULTANTS
WWW.HEITMANNASSOC.COM

Townsend Commander Parkway, LLC
c/o Townsend Capital LLC
11311 McCormick Road, Suite 470
Hunt Valley  MD 21031

May 22, 2019
Project No:        2019008 09
Invoice No        0201805030

Project        6150 Commander Parkway

Consulting Services through May 17, 2019

Reimbursable Expenses
Travel                                                          650.22
                Total Reimbursables                1.0 times        650.22        650.22

| Billing Limits | Current | Prior | To-Date | |
|---|---|---|---|---|
| Total Billings | 650.22 | 8,320.50 | 8,970.72 | |
| Limit | | | 41,600.00 | |
| Remaining | | | 32,629.28 | |

Total this Invoice        $650.22



St. Louis  14500 South Outer Forty Road   Suite 110  Chesterfield  MO 63017-5736 Phone  314 439 1944 Fax: 314 439 1770



# HEITMANN & ASSOCIATES, INC.
## BUILDING ENCLOSURE CONSULTANTS
### WWW.HEITMANNASSOC.COM

Townsend Commander Parkway, LLC
c/o Townsend Capital, LLC
11311 McCormick Road, Suite 470
Hunt Valley, MD 21031

June 25, 2019

| | |
|---|---|
| Project No: | 2019006.09 |
| Invoice No: | 201906045 |

Project: 6160 Commander Parkway

Consulting Services through June 21, 2019
Professional Personnel

| | | Hours | Rate | Amount | |
|---|---|---|---|---|---|
| **Project Manager** | | | | | |
| Barkin, Pauline | 5/21/2019 | .80 | 165.00 | 132.00 | |
| Report #1 prep | | | | | |
| Barkin, Pauline | 5/23/2019 | .50 | 165.00 | 82.50 | |
| Report #1 prep | | | | | |
| Barkin, Pauline | 5/24/2019 | .50 | 165.00 | 82.50 | |
| Report #1 prep | | | | | |
| Barkin, Pauline | 6/20/2019 | .50 | 165.00 | 82.50 | |
| Internal Meeting & Project Coordination | | | | | |
| Barkin, Pauline | 6/21/2019 | 1.50 | 165.00 | 247.50 | |
| Call with Jared Styles & Project Coordination | | | | | |
| | | | | | |
| **Consultant Engineer / Architect** | | | | | |
| Brower, Mark | 5/22/2019 | 3.50 | 135.00 | 472.50 | |
| Report #1 | | | | | |
| Brower, Mark | 5/23/2019 | 1.00 | 135.00 | 135.00 | |
| Call for steel cutting and sealing | | | | | |
| Brower, Mark | 5/30/2019 | 1.00 | 135.00 | 135.00 | |
| Phone call with GC (Taylor Construction) | | | | | |
| Brower, Mark | 6/4/2019 | 2.00 | 135.00 | 270.00 | |
| Prep water testing criteria & inform the GC of procedure | | | | | |
| Brower, Mark | 6/18/2019 | 1.50 | 135.00 | 202.50 | |
| Phone call with CG and Rick Cox regarding window install | | | | | |
| Brower, Mark | 6/18/2019 | 1.00 | 135.00 | 135.00 | |
| Prep for field visit | | | | | |
| Brower, Mark | 6/20/2019 | 8.00 | 135.00 | 1,080.00 | |
| Field Observation #2 | | | | | |
| Brower, Mark | 6/21/2019 | 8.00 | 135.00 | 1,080.00 | |
| Field Observation #3 | | | | | |
| Totals | | 29.80 | | 4,137.00 | |
| **Total Labor** | | | | | 4,137.00 |

| Billing Limits | Current | Prior | To-Date | |
|---|---|---|---|---|
| Total Billings | 4,137.00 | 8,970.72 | 13,107.72 | |
| Limit | | | 41,600.00 | |
| Remaining | | | 28,492.28 | |
| | | **Total this Invoice** | | **$4,137.00** |



**HEITMANN & ASSOCIATES, INC.**
BUILDING ENCLOSURE CONSULTANTS
WWW.HEITMANNASSOC.COM

| | |
|---|---|
| Townsend Commander Parkway, LLC | July 15, 2019 |
| c/o Townsend Capital, LLC | Project No: 2019006.09 |
| 11311 McCormick Road, Suite 470 | Invoice No: 201906026 |
| Hunt Valley, MD 21031 | |

**Project:** 6160 Commander Parkway

Consulting Services through June 30, 2019

Reimbursable Expenses

| | | | |
|---|---|---|---|
| Travel | | | 756.46 |
| **Total Reimbursables** | 1.0 times | 756.46 | 756.46 |

| Billing Limits | Current | Prior | To-Date |
|---|---|---|---|
| Total Billings | 756.46 | 13,107.72 | 13,864.18 |
| Limit | | | 41,600.00 |
| Remaining | | | 27,735.82 |

**Total this Invoice** $756.46

Outstanding Invoices

| Number | Date | Balance |
|---|---|---|
| 201906045 | 6/25/2019 | 4,137.00 |
| Total | | 4,137.00 |

| ENTITY | 700 | INVOICE # | 201906026 |
|---|---|---|---|
| VENDOR # | HEIT | DATE | 7|15|19 |
| VENDOR | | | |
| ACCOUNT # | | DESCRIPTION | AMOUNT |
| 1220-1970 | Travel | | 756.46 |
| | | Commander | |
| | | | |
| | | | |
| | | | |
| | | TOTAL | 756.46 |
| RQSTD BY: | | APRVD BY: | MRO |
| DATE PAID | | CHECK # | |

St. Louis  14500 South Outer Forty Road, Suite 110, Chesterfield, MO 63017-5736 Phone: 314 439 1944 Fax: 314 439 1776



# HEITMANN & ASSOCIATES, INC.
BUILDING ENCLOSURE CONSULTANTS
WWW.HEITNANNASSOC.COM

Townsend Commander Parkway, LLC
c/o Townsend Capital, LLC
11511 McCormick Road, Suite 470
Hunt Valley, MD 21031

July 25, 2019
Project No:      2019006.09
Invoice No:      0201907041

*Project:*      *6160 Commander Parkway*

**Consulting Services through July 19, 2019**
Professional Personnel

| | | Hours | Rate | Amount |
|---|---|---|---|---|
| Project Manager | | | | |
| Barkin, Pauline | 6/28/2019 | 1.00 | 165.00 | 165.00 |
| Report Review #2 & #3 | | | | |
| Consultant Engineer / Architect | | | | |
| Brower, Mark | 8/24/2019 | 4.00 | 135.00 | 540.00 |
| Report # 2 and #3 | | | | |
| Brower, Mark | 6/28/2019 | .50 | 135.00 | 67.50 |
| Adjustments to report #2, #3 | | | | |
| Brower, Mark | 7/2/2019 | 1.50 | 135.00 | 202.50 |
| Phone meeting with Taylor Construction to review report #2 and #3 | | | | |
| Brower, Mark | 7/3/2019 | 2.00 | 135.00 | 270.00 |
| Review submittals from GC Proposed Sealants for Project | | | | |
| Brower, Mark | 7/10/2019 | 1.00 | 135.00 | 135.00 |
| Conference call with ownership and GC | | | | |
| Brower, Mark | 7/19/2019 | 1.00 | 135.00 | 135.00 |
| Conference call | | | | |
| Totals | | 11.00 | | 1,515.00 |

|  |  |  |  | |
|---|---|---|---|---|
| Total Labor | | | | 1,515.00 |

| Billing Limits | Current | Prior | To-Date |
|---|---|---|---|
| Total Billings | 1,515.00 | 13,864.18 | 15,379.18 |
| Limit | | | 41,600.00 |
| Remaining | | | 26,220.82 |

Total this Invoice        $1,515.00

Outstanding Invoices

| Number | Date | Balance | |
|---|---|---|---|
| 201906026 | 7/15/2019 | 756.46 | Rob |
| 201906045 | 6/25/2019 | 4,137.00 | de not have invoice |
| Total | | 4,893.46 | |

St. Louis: 14500 South Outer Forty Road, Suite 110, Chesterfield, MO 63017-5736 Phone: 314 439 1944 Fax: 314 439 1778



**HEITMANN & ASSOCIATES, INC.**
BUILDING ENCLOSURE CONSULTANTS
WWW.HEITMANNASSOC.COM

Townsend Commander Parkway, LLC
c/o Townsend Capital, LLC
11311 McCormick Road, Suite 470
Hunt Valley, MD 21031

September 26, 2019
Project No:    2019006.09
Invoice No:    0201909035

Project:        6160 Commander Parkway

**Consulting Services through September 20, 2019**

Professional Personnel

| | | Hours | Rate | Amount |
|---|---|---|---|---|
| Project Manager | | | | |
| Barkin, Pauline | 8/5/2019 | .50 | 165.00 | 82.50 |
| Coordination | | | | |
| Barkin, Pauline | 8/6/2019 | .50 | 165.00 | 82.50 |
| Plan Trip & Review Correspondence | | | | |
| Barkin, Pauline | 8/6/2019 | .50 | 165.00 | 82.50 |
| Phone Call to Townsend & Coordination | | | | |
| Barkin, Pauline | 8/7/2019 | 1.00 | 165.00 | 165.00 |
| Plan Trip & Review Correspondence & Prep Documents | | | | |
| Barkin, Pauline | 8/8/2019 | .50 | 165.00 | 82.50 |
| Review/Print documents for Visit | | | | |
| Barkin, Pauline | 8/12/2019 | 10.00 | 165.00 | 1,650.00 |
| Site Visit #4 | | | | |
| Barkin, Pauline | 8/13/2019 | 1.00 | 165.00 | 165.00 |
| Report#4 prep | | | | |
| Barkin, Pauline | 8/16/2019 | 4.00 | 165.00 | 660.00 |
| Report #4 Prep & Correspondence and Revise Report per client Request | | | | |
| Barkin, Pauline | 8/20/2019 | .80 | 165.00 | 132.00 |
| Commander Parkway Call & Email Correspondence | | | | |
| Consultant Engineer / Architect | | | | |
| Brower, Mark | 7/25/2019 | 2.00 | 135.00 | 270.00 |
| Review Stolite Textured finish and Pacora 890NST sealant Primer | | | | |
| Totals | | 20.80 | | 3,372.00 |

Total Labor                                                                  3,372.00

| Billing Limits | Current | Prior | To-Date |
|---|---|---|---|
| Total Billings | 3,372.00 | 15,379.18 | 18,751.18 |
| Limit | | | 41,600.00 |
| Remaining | | | 22,848.82 |

Total this Invoice          $3,372.00

St. Louis: 14500 South Outer Forty Road, Suite 110, Chesterfield, MO 63017-5736 Phone: 314 439 1944 Fax: 314 439 1778

705
CHA

10032
11/19 / 12/19/18

1320 197  D/Thom T          926.25
Commander

926.25
MQG

To:   Jared P. Sillo, CPA
      Executive Vice President
      Townsend Capital, LLC
      11311 McCormick Road, Suite 470
      Hunt Valley, MD 21031

## HOURLY/REIMBURSABLE SERVICES INVOICE

Invoice #:   10032    Date: 12/19/2018

CHA Job Number & Project Name:   1820c  6160 Commander Parkway-Exterior Repairs        Purchase Order:

| Date | Item | Description of Services Rendered | Hours | Rate | Total |
|------|------|-------------------------------|-------|------|-------|
| 12/6/2018 | Schematic Design | Schematic Design | 0.5 | 195.00 | 97.50 |
| 12/7/2018 | Schematic Design | Schematic Design | 0.25 | 195.00 | 48.75 |
| 12/8/2018 | Schematic Design | Schematic Design | 1.5 | 195.00 | 292.50 |
| 12/14/2018 | Schematic Design | Schematic Design | 2.5 | 195.00 | 487.50 |

\* Facade related

| | | | | Credits Applied To This Invoice: | $0.00 |

Payment Terms:   Net 10                                    Balance Due This Invoice:    $926.25

Covington Hendrix Anderson Architects · 360 Southport Circle, Suite 104, Virginia Beach, VA 23452
phone: 757.491.6654 · fax: 757.499.0926 www.covingtonhendrix.com

To:     Jared P. Stile, CPA
        Executive Vice President
        Townsend Capital, LLC
        11311 McCormick Road, Suite 470
        Hunt Valley, MD  21031

**HOURLY REIMBURSABLE SERVICES INVOICE**

| CHA Job Number & Project Name: | 18204   6160 Commander Parkway | Purchase Order: |
|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| 12/17/2018 | Schematic Design | Schematic Design | 0.75 | 195.00 | 146.25 |
| 12/18/2018 | Schematic Design | Schematic Design | 1.25 | 195.00 | 243.75 |
| 12/19/2018 | Schematic Design | Schematic Design | 0.75 | 195.00 | 146.25 |
| 1/2/2019 | Schematic Design | Schematic Design | 0.75 | 195.00 | 146.25 |

Description of Services for 6160 Commander Parkway
Field Investigation and Exterior Rework

| ENTITY | 700 | INVOICE # | 10069 |
|---|---|---|---|
| VENDOR # | CHA | DATE | 1|8|19 |
| VENDOR | | | |
| ACCOUNT | DESCRIPTION | AMOUNT | |
| 1420-197 | D/I from T Commander | 682.50 | |
| | | | |
| | | | |
| | TOTAL | 682.50 | |
| POSTED BY: | APRVD BY | N8G | |
| DATE PAID | CHECK # | | |

|  | Credits Applied To This Invoice: | $0.00 |
|---|---|---|

Payment Terms                                                      Balance Due This Invoice:   $82.50

Covington Hendrix Anderson Architects - 360 Southport Circle, Suite 104, Virginia Beach, VA 23452
phone: 757.491.6654 - fax: 757.499.0926  www.covingtonhendrix.com

To:   Jared P. Stile, CPA
      Executive Vice President
      Townsend Capital, LLC
      11311 McCormick Road, Suite 470
      Hunt Valley, MD  21031

| HOURLY/REIMBURSABLE SERVICES INVOICE | | | | Invoice #: 10171 | Date: 2/6/2019 |
|---|---|---|---|---|---|

**CHA Job Number & Project Name:**   18204  6160 Commander Parkway-Exterior Repairs          **Purchase Order:**

| Date | Item | Description of Services Rendered | Hours | Rate | Total |
|---|---|---|---|---|---|
| 1/29/2019 | Schematic Design | Schematic Design | 2.25 | 195.00 | 438.75 |
| 1/30/2019 | Schematic Design | Schematic Design | 0.5 | 195.00 | 97.50 |

|  |  |
|---|---|
| Credits Applied To This Invoice: | $0.00 |

| Payment Terms:  Net 10 | | Balance Due This Invoice: | $536.25 |
|---|---|---|---|

Covington Hendrix Anderson Architects - 360 Southport Circle, Suite 104, Virginia Beach, VA 23452
phone: 757.491.6654 - fax: 757.499.0926 www.covingtonhendrix.com

To:    Jared P. Stile, CPA
Executive Vice President
Townsend Capital, LLC
11311 McCormick Road, Suite 470
Hunt Valley, MD 21031

## HOURLY/REIMBURSABLE SERVICES INVOICE

| | | | Invoice #: | 10313 | Date: | 3/19/2019 |

CHA Job Number & Project Name:   18204  6160 Commander Parkway-Exterior Repairs    Purchase Order:

| Date | Item | Description of Services Rendered | Hours | Rate | Total |
|------|------|-------------------------------|-------|------|-------|
| 2/7/2019 | Schematic Design | Schematic Design | 0.25 | 195.00 | 48.75 |
| 2/28/2019 | Schematic Design | Schematic Design | 1 | 195.00 | 195.00 |
| 3/3/2019 | Schematic Design | Schematic Design | 0.25 | 195.00 | 48.75 |
| 3/11/2019 | Schematic Design | Schematic Design | 4.5 | 195.00 | 877.50 |
| 3/12/2019 | Schematic Design | Schematic Design | 0.25 | 195.00 | 48.75 |

| | Credits Applied To This Invoice: | $0.00 |

| Payment Terms : Net 10 | | Balance Due This Invoice: | $1,218.75 |

Covington Hendrix Anderson Architects - 360 Southport Circle, Suite 104, Virginia Beach, VA 23452
phone: 757.491.6654 - fax: 757.499.0926  www.covingtonhendrix.com

To:     Jared P. Stile, CPA
        Executive Vice President
        Townsend Capital, LLC
        11311 McCormick Road, Suite 470
        Hunt Valley, MD 21031

**HOURLY REIMBURSABLE SERVICE INVOICE**

CHA Job Number & Project Name:   18204  6160 Commander Parkway-Exterior Repairs          Purchase Order:

| Date | | | | | | | | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 3/20/2019 | Construction Documents | Construction Documents | | | | | | 2.5 | 195.00 | 487.50 |
| 3/21/2019 | Construction Documents | Construction Documents | | | | | | 3 | 195.00 | 585.00 |
| 3/22/2019 | Construction Documents | Construction Documents | | | | | | 0.25 | 195.00 | 48.75 |
| 3/25/2019 | Construction Documents | Construction Documents | | | | | | 0.5 | 195.00 | 97.50 |
| 3/26/2019 | Construction Documents | Construction Documents | | | | | | 0.5 | 195.00 | 97.50 |
| 3/27/2019 | Construction Documents | Construction Documents | | | | | | 0.75 | 195.00 | 146.25 |
| 3/28/2019 | Construction Documents | Construction Documents | | | | | | 0.25 | 195.00 | 48.75 |
| 3/29/2019 | Construction Documents | Construction Documents | | | | | | 0.25 | 195.00 | 48.75 |

Credits Applied To This Invoice:          $0.00

Balance Due This Invoice:          $1,560.00

Covington Hendrix Anderson Architects - 360 Southport Circle, Suite 104, Virginia Beach, VA 23452
phone: 757.491.6654 - fax: 757.499.0926  www.covingtonhendrix.com

To: Jared P. Stile, CPA
Executive Vice President
Townsend Capital, LLC
11311 McCormick Road, Suite 470
Hunt Valley, MD 21031

**HOURLY REIMBURSABLE SERVICES INVOICE**

CHA Job Number & Project Name:   18204  6160 Commander Parkway-Exterior Repairs          Purchase Order:

| Date | Description | | | Hours | Rate | Total |
|------|------|------|------|------|------|------|
| 4/1/2019 | Construction Documents | Construction Documents | | 2.5 | 195.00 | 487.50 |
| 4/2/2019 | Construction Documents | Construction Documents | | 0.25 | 195.00 | 48.75 |
| 4/5/2019 | Construction Documents | Construction Documents | | 0.25 | 195.00 | 48.75 |
| 4/8/2019 | Construction Documents | Construction Documents | | 1 | 195.00 | 195.00 |
| 4/9/2019 | Construction Documents | Construction Documents | | 1 | 195.00 | 195.00 |
| 4/11/2019 | Construction Documents | Construction Documents | | 0.25 | 195.00 | 48.75 |

E    Y    700        INVOICE #  0414
V:   R #  CHA        DATE   4/16/19
V:
                     PTION    AMOUNT
1220  197  D from T        1,023.75
           Commander

                     TOTAL  1,023.75
                     APRVD BY:
                     CHECK #

Credits Applied To This Invoice:          $0.00

phone: 757.491.6654 - fax: 757.499.0926 www.covingtonhendrix.com

Covington Hendrix Anderson Architects - 360 Southport Circle, Suite 104, Virginia Beach, VA 23452

To:    Jared P. Stile, CPA
       Executive Vice President
       Townsend Capital, LLC
       11311 McCormick Road, Suite 470
       Hunt Valley, MD  21031

## HOURLY/REIMBURSABLE SERVICES INVOICE

| | | Invoice # | 10568 | Date: | 5/29/2019 |

CHA Job Number & Project Name:   18204   6160 Commander Parkway-Exterior Repairs      Purchase Order:

| Date | Item | Description of Services Rendered | Hours | Rate | Total |
|------|------|-------------------------------|-------|------|-------|
| 4/26/2019 | Construction Documents | Construction Documents | 0.5 | 195.00 | 97.50 |
| 5/6/2019 | Construction Administr... | Construction Administration | 2 | 195.00 | 390.00 |
| 5/8/2019 | Construction Administr... | Construction Administration | 0.25 | 195.00 | 48.75 |
| 5/9/2019 | Construction Administr... | Construction Administration | 0.25 | 195.00 | 48.75 |
| 5/13/2019 | Construction Administr... | Construction Administration | 1 | 195.00 | 195.00 |
| 5/14/2019 | Construction Administr... | Construction Administration | 0.25 | 195.00 | 48.75 |

| | Credits Applied To This Invoice: | $0.00 |

| Payment Terms:  Net 10 | Balance Due This Invoice: | $828.75 |

Covington Hendrix Anderson Architects · 360 Southport Circle, Suite 104, Virginia Beach, VA 23452
phone: 757.491.6654 · fax: 757.499.0926  www.covingtonhendrix.com

To: Jared P. Stile, CPA
Executive Vice President
Townsend Capital, LLC
11311 McCormick Road, Suite 470
Hunt Valley, MD 21031

## HOURLY/REIMBURSABLE SERVICES INVOICE

Invoice #: 10626   Date: 6/17/2019

CHA Job Number & Project Name:   18204   6160 Commander Parkway-Exterior Repairs       Purchase Order:

| Date | Item | Description of Services Rendered | Hours | Rate | Total |
|---|---|---|---|---|---|
| 5/30/2019 | Construction Administr... | Construction Administration | 1 | 195.00 | 195.00 |
| 6/12/2019 | Construction Administr... | Construction Administration | 0.75 | 195.00 | 146.25 |

341.25
MPO

| | |
|---|---|
| Credits Applied To This Invoice: | $0.00 |

| Payment Terms:  Net 10 | Balance Due This Invoice: | $341.25 |
|---|---|---|

Covington Hendrix Anderson Architects - 360 Southport Circle, Suite 104, Virginia Beach, VA 23452
phone: 757.491.6654 - fax: 757.499.0926 www.covingtonhendrix.com

To:   Jared P. Stile, CPA
      Executive Vice President
      Townsend Capital, LLC
      11311 McCormick Road, Suite 470
      Hunt Valley, MD  21031

**HOURLY/REIMBURSABLE SERVICES INVOICE**   Invoice #   Date

| CHA Job Number & Project Name: | 18204  6160 Commander Parkway-Exterior Repairs | | Purchase Order: |
|---|---|---|---|

| Date | Item | Description of Service Rendered | Hours | Rate | Total |
|---|---|---|---|---|---|
| 6/21/2019 | Construction Administr... | Construction Administration | 0.5 | 195.00 | 97.50 |
| 6/23/2019 | Construction Administr... | Construction Administration | 0.5 | 195.00 | 97.50 |
| 6/24/2019 | Construction Administr... | Construction Administration | 0.75 | 195.00 | 146.25 |
| 6/25/2019 | Construction Administr... | Construction Administration | 0.25 | 195.00 | 48.75 |
| 6/28/2019 | Construction Administr... | Construction Administration | 1 | 195.00 | 195.00 |
| 7/8/2019 | Construction Administr... | Construction Administration | 0.5 | 195.00 | 97.50 |
| 7/10/2019 | Construction Administr... | Construction Administration | 2.25 | 195.00 | 438.75 |

ENTRY 700   INV CE # 10703
VENDOR # CHA   DA 7/16/19
VENDOR
ACCOUNT # 1220-197   DESCRIP: A R T Commander   AMOUNT 1,121.25
1,121.25
APRVD BY
DATE PAID   CH

|  |  |  | Credits Applied To This Invoice: | $0.00 |
|---|---|---|---|---|

Covington Hendrix Anderson Architects - 360 Southport Circle, Suite 104, Virginia Beach, VA 23452
phone: 757.491.6654 - fax: 757.499.0926 www.covingtonhendrix.com

To:     Jared P. Stile, CPA
        Executive Vice President
        Townsend Capital, LLC
        11311 McCormick Road, Suite 470
        Hunt Valley, MD  21031

**HOURLY REIMBURSABLE SERVICES INVOICE**

CHA Job Number & Project Name:    18204  6160 Commander Parkway-Exterior Repairs          Purchase Order:

| Date | Task | Description | Units | Rate | Total |
|------|------|-------------|-------|------|-------|
| 7/19/2019 | Construction Administr... | Construction Administration | 0.5 | 195.00 | 97.50 |
| 7/22/2019 | Construction Administr... | Construction Administration | 0.5 | 195.00 | 97.50 |
| 8/12/2019 | Construction Administr... | Construction Administration | 3.25 | 195.00 | 633.75 |

| N... | 197 | INVOICE # | 10837 |
|------|-----|-----------|-------|
| VEN... | CHA | DATE | 8/21/19 |
| ACC... | | ...RIPTION | AMOUNT |
| 1230 158 | A/R Pe Survey | | 828.75 |
| | Facade Q... | | |
| | | TOTAL | 828.75 |
| | | APRVD BY: | |
| | | CHECK # | |

|  | Credits Applied To This Invoice: | $0.00 |
|--|----------------------------------|-------|

**Payment Terms**                                                               **Total due this invoice**   $828.75

Covington Hendrix Anderson Architects - 360 Southport Circle, Suite 104, Virginia Beach, VA 23452
phone: 757.491.6654 - fax: 757.499.0926  www.covingtonhendrix.com

To:   Jared P. Stile, CPA
      Executive Vice President
      Townsend Capital, LLC
      11311 McCormick Road, Suite 470
      Hunt Valley, MD  21031

| HOURLY/REIMBURSABLE SERVICES INVOICE | | | | | Invoice #: | 10910 | Date: | 9/10/2019 |
|---|---|---|---|---|---|---|---|---|

| CHA Job Number & Project Name: | 18204  6160 Commander Parkway-Exterior Repairs | | | | Purchase Order: | | |
|---|---|---|---|---|---|---|---|

| Date | Item | Description of Services Rendered | | | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|
| 8/20/2019 | Construction Administr... | Construction Administration | | | 0.5 | 195.00 | 97.50 |

| | | Credits Applied To This Invoice: | $0.00 |
|---|---|---|---|

| Payment Terms:  Net 10 | | Balance Due This Invoice: | $97.50 |
|---|---|---|---|

Covington Hendrix Anderson Architects - 360 Southport Circle, Suite 104, Virginia Beach, VA 23452
phone: 757.491.6654 - fax: 757.499.0926 www.covingtonhendrix.com