**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| TOWNSEND COMMANDER PARKWAY, LLC<br><br>             Plaintiff,<br><br>v.<br><br>ALLIANT TECHSYSTEMS, INC., *et al.*<br><br>             Defendants. | Civil Action No. 2:20-cv-00075 |

### DEFENDANT VISTA OUTDOOR OPERATIONS, LLC'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Vista Outdoor Operations, LLC (incorrectly named as Vista Outdoor, Inc.) ("Vista"), by counsel, submits the following Answer and Affirmative and Other Defenses to the Complaint filed by Townsend Commander Parkway, LLC ("Townsend"). Unless otherwise admitted, qualified or explained herein, Vista denies each and every allegation contained in the Complaint. Vista responds to the allegations contained in the individually numbered paragraphs of the Complaint as follows:

[ ].    Vista denies the allegations in the unnumbered "Nature of Action" paragraph of the Complaint.

1.    Vista admits only that Townsend is a Delaware LLC with its principal place of business in Maryland. The remaining allegations in paragraph 1 refer to the terms of an assignment agreement and, therefore, no response is required. To the extent a response is required, Vista denies the remaining allegations in paragraph 1 of the Complaint to the extent they are inconsistent with the terms of the referenced assignment agreement.

2.    Vista admits that in 2015, Alliant Techsystems, Inc., was acquired by Orbital ATK,

Inc.  Orbital ATK, Inc., following its acquisition by Northrop Grumman Corporation effective June 6, 2018, became Northrop Grumman Innovation Systems, Inc.  Vista admits that Northrop Grumman is a Delaware corporation with its principal place of business in Dulles, Virginia.  The remaining allegations in paragraph 2 are legal conclusions and refer to the terms of a Lease Amendment and, therefore, no response is required.  To the extent a response is required, Vista denies the remaining allegations in paragraph 2 of the Complaint.

3.      Vista admits that in 2015, Alliant Techsystems, Inc., was acquired by Orbital ATK, Inc.  Orbital ATK, Inc., following its acquisition by Northrop Grumman Corporation effective June 6, 2018, became Northrop Grumman Innovation Systems, Inc.  Vista admits that Northrop Grumman is a Delaware corporation with its principal place of business in Dulles, Virginia.  The remaining allegations in paragraph 3 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent a response is required, Vista denies the remaining allegations in paragraph 3 of the Complaint.

4.      Vista admits that Vista Outdoor, Inc. is a Delaware Corporation with its principal place of business in Minnesota.  Vista denies Vista Outdoor, Inc. is a successor under the subject least and states Vista Outdoor Operations, LLC is the successor under the subject lease. Vista denies the remaining allegations in paragraph 4 of the Complaint.

5.      Vista admits that this Court has subject matter jurisdiction over the case and personal jurisdiction over the Parties.

6.      Vista admits that venue is proper in this Court.

7.      The allegations contained in paragraph 7 of the Complaint refer to the terms of a March 1, 2006 lease (the "Lease") and, therefore, no response is required.  To the extent a response

is required, Vista denies the allegations contained in paragraph 7 of the Complaint, to the extent they are inconsistent with the terms of the Lease.

8.      The allegations contained in paragraph 8 of the Complaint refer to the terms of two lease assignments and, therefore, no response is required.   To the extent a response is required, Vista denies the allegations contained in paragraph 8 of the Complaint, to the extent they are inconsistent with the terms of the Lease.

9.      The allegations in paragraph 9 of the Complaint are legal conclusions to which no response is required.   To the extent a response is required, Vista denies the allegations in paragraph 9 of the Complaint, to the extent they are inconsistent with the terms of the Lease.

10.      The allegations contained in paragraph 10 of the Complaint refer to the terms of the Lease and, therefore, no response is required.   To the extent a response is required, Vista denies the allegations contained in paragraph 10 of the Complaint, to the extent they are inconsistent with the terms of the Lease.

11.      The allegations contained in paragraph 11, including subparagraphs (a)-(c) of the Complaint refer to the terms of the Lease and, therefore, no response is required.   To the extent a response is required, Vista denies the allegations contained in paragraph 11, including subparts (a)-(c) of the Complaint, to the extent they are inconsistent with the terms of the Lease.

12.      The allegations contained in paragraph 12 of the Complaint refer to the terms of a lease and, therefore, no response is required.   To the extent a response is required, Vista denies the allegations contained in paragraph 12 of the Complaint, to the extent they are inconsistent with the terms of the Lease.

13.      The allegations contained in paragraph 13 of the Complaint refer to the content of a Lease and various "communications," including communications dated December 9, 2016 and

June 5, 2017, and, therefore, no response is required.  To the extent a response is required, Vista denies the allegations contained in paragraph 13 of the Complaint, to the extent they are inconsistent with the terms of the Lease and the referenced communications.

14.     Vista denies the allegations in paragraph 14 of the Complaint.

15.     Vista admits only that it vacated the premises in 2015.  Vista denies that the remaining allegations in paragraph 15 of the Complaint.

16.     Vista denies the allegations in paragraph 16 of the Complaint.

17.     Vista denies the allegations in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 of the Complaint refer to the content of an August 2, 2017 letter, and, therefore, no response is required.  To the extent a response is required, Vista denies the allegations contained in paragraph 18 of the Complaint, to the extent they are inconsistent with the terms of the referenced letter.

19.     Vista lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore such allegations are denied.  Vista further denies that it is responsible for any "repair and maintenance" tasks under the Lease. The allegations contained in paragraph 19 of the Complaint also refer to the content of "several communications," and, therefore, no response is required.  To the extent a response is required, Vista denies the allegations contained in paragraph 19 of the Complaint, to the extent they are inconsistent with the content of the referenced communications.

20.     The allegations contained in paragraph 20 of the Complaint refer to the content of an October 11, 2019 letter, and, therefore, no response is required.  To the extent a response is required, Vista admits only that Townsend has not returned its $50,000 security deposit in violation of the Lease.  Vista denies the remaining allegations contained in paragraph 20 of the Complaint.

21.     Vista denies it is obligated to reimburse Townsend in any amount and therefore denies the allegations in paragraph 21 of the Complaint.

22.     Vista restates and incorporates by reference each of its responses in the foregoing paragraphs as if set forth fully herein.

23.     Vista denies the allegations in paragraph 23 of the Complaint.

24.     Vista denies the allegations in paragraph 24 of the Complaint.

25.     Vista denies the allegations in paragraph 25 of the Complaint.

26.     Vista denies that Plaintiff is entitled to any of the amounts referenced in paragraph 26 of the Complaint.

WHEREFORE, Vista denies that Plaintiff's claims have merit and further deny that Plaintiff is entitled to any relief in this action.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the procedural burden of proof that may properly apply to the Plaintiff in connection with the below defenses, Vista asserts the following affirmative and other defenses. Vista reserves the right to assert any other affirmative and other defenses in this action.

1.     The Complaint does not state any claim upon which relief can be granted for all of the reasons set forth in the Motion to Dismiss the Complaint, and memoranda and argument in support of the Motion, which are expressly incorporated herein by reference.

2.     Plaintiff is not entitled to any of the relief sought because Vista does not owe any of the alleged contractual duties to Plaintiff.

3.     Plaintiff is not entitled to any of the relief sought because Vista has not breached any of the alleged contractual duties owed to Plaintiff.

4.     Plaintiff is not entitled to any of the relief sought because Plaintiff has not incurred damage resulting from Vista's purported breach of any alleged contractual duties owed to Plaintiff.

5.      Plaintiff is not entitled to any of the relief sought because Plaintiff is in first material breach of the Lease by failing to return Plaintiff's deposit in accordance with the Lease.  As alleged, Plaintiff has retained and did not return Plaintiff's $50,000 deposit. Under the Lease, the deposit was to ensure Vista's full and complete performance of the Lease.  Vista fully and completely performed under the Lease during the term of the Lease.  In addition, the terms of the Lease do not permit Plaintiff to retain and fail to return the deposition following expiration of the Lease and surrender of the Premises.

6.      Plaintiff is not entitled to any of the relief sought because the purported damages were extraordinary and/or not the result of reasonable wear and tear.  Plaintiff conflates the "Repair and Maintenance" provision found in Paragraph 8 of the Lease and the Surrender clause found in Paragraph 18 of the Lease. The Surrender clause expressly excepts "reasonable wear and tear" from Vista's obligation to surrender the Premises "in good order and condition."  Vista surrendered the Premises to the Landlord upon expiration of the Lease in good order and condition, reasonable wear and tear excepted.  According to its plain, unambiguous language, Plaintiff is responsible for the repairs alleged in the Complaint.

7.      Vista reserves any and all additional defenses available under the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or otherwise in law or equity now existing, later arising, or later discovered.

**TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.**

WHEREFORE, Vista requests the Court dismiss the Complaint, enter judgment in favor of Vista, and grant Vista all such further relief as is just and proper.

Date: July 21, 2020                    Respectfully submitted,

                                       VISTA OUTDOOR OPERATIONS LLC
                                       (incorrectly named as VISTA OUTDOOR, INC.)

By Counsel

/s/ Nicholas V. Albu
Nicholas V. Albu (VSB No. 78229)
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, VA 2212
Phone: (703) 641-4200
Facsimile: (703) 641-4340
nalbu@reedsmith.com

Alan D. Bart (VSB No. 87300)
REED SMITH LLP
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
abart@reedsmith.com

*Counsel for Alliant Techsystems, Inc., Northrop Grumman Innovation Systems, Inc., and Vista Outdoor Operations LLC (incorrectly named as Vista Outdoor, Inc.)*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2020, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will send notice to counsel of record.

/s/ Nicholas V. Albu
Nicholas V. Albu (VSB No. 78229)
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, VA 2212
Phone: (703) 641-4200
Facsimile: (703) 641-4340
nalbu@reedsmith.com

*Counsel for Alliant Techsystems, Inc., Northrop Grumman Innovation Systems, Inc., and Vista Outdoor Operations LLC (incorrectly named as Vista Outdoor, Inc.)*